GERALDINE SHADOWENS, Plaintiff-Appellant, *v.*
HAWAII HOUSING AUTHORITY, et al.,
Defendants-Appellees

No. 5083

December 3, 1971

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* This appeal involves the question of the scope of our declaratory judgment statute HRS § 632-1. The first circuit court refused to render a judgment declaring plaintiff's eligibility for the rent supplement program under HRS § 359-121, et seq. The court below held that no "actual controversy" existed as plaintiff did not present a qualified landlord at the time of her application.

HRS § 632-1 states, in pertinent part:

"Relief by declaratory judgment * * * may be granted in all civil cases where an actual controversy exists between contending parties, * * * or where the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest * * *."

Plaintiff brought this action to establish her right to have her application for the rent supplement program fully processed despite the fact that she was an "individual" rather than a "family". Defendant asserts plaintiff's ineligibility for that program due to its policy of only processing applications of "families" and not "individuals". As there are present conflicting interpretations of the eligibility provisions of HRS § 359-121, et seq., determinative of whether plaintiff will or will not receive a rent supplement, there is an "actual controversy" within HRS § 632-1. *See Dalton v. City & County of Honolulu,* 51 Haw. 400, 403, 462 P.2d 199, 202 (1969); E. Borchard, *Declaratory Judgments,* 40-43 (2d ed. 1941).

The interpretation of this section by the court below was therefore too restrictive. We find this case a justiciable one. *See Evers v. Dwyer,* 358 U.S. 202, 203 (1958); *Maryland Casualty Co. v. Pacific Coal and Oil Co.,* 312 U.S. 270, 273 (1941).

The record on appeal is insufficient for this court to determine plaintiff's eligibility for the rent supplement program. The case must be remanded to the court below for further factual determination on that issue.

Reversed and remanded.

*Robert Gilbert Johnston,* Chief, Civil Division, Legal Aid Society, for plaintiff-appellant.

*E. John McConnell, Jr.,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with him on the brief), for defendants-appellees.