JEANETTE SALVADOR, individually and on behalf of herself and all other persons similarly situated, et al., Plaintiffs-Appellees, *v.* IDA POPAA, et al., Defendants-Appellees

NO. 5518

DECEMBER 31, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., and RETIRED JUSTICE LEWIS ASSIGNED BY REASON OF VACANCY

*Per Curiam.* Defendants' appeal once again brings before the court the authority to award attorneys' fees. Hawaii follows the traditional American rule that ordinarily "attorney's fees cannot be awarded as damages or costs where not so provided by statute, stipulation or agreement."[1] Defendants

---

[1] Jones v. Dieker, 39 Haw. 448, 455 (1952).

assert that this rule requires reversal of the award made plaintiff in the trial court. Plaintiff seeks to sustain the award under an exception to the rule. The background of the case is as follows:

On February 22, 1972, plaintiff Jeanette Salvador, herein referred to as "plaintiff," was notified that she was no longer a member of her union, the Wahiawa General Unit, Hospital Division of the United Public Workers (UPW), Local 646 of the American Federation of State, County and Municipal Employees (AFSCME). The trial court found that on October 13, 1972, when plaintiff commenced her circuit court action, "she had pursued her administrative remedies within the union without any result." The court further found: "That the law suit filed herein by Jeanette Salvador was meritorious, and not improvident, and that she was required to file such suit in order to obtain relief within the union." We find no error in these findings.

The "relief within the union," to which the court referred, came in the form of a decision by the Chairman of the Judicial Panel, AFSCME, rendered November 22, 1972, after the action was commenced. The decision concluded that: "Mrs. Salvador did not resign as a member of UPW Local 646," as had been asserted in the letter of February 22, 1972. It further concluded that: "Mrs. Jeanette Salvador is and has been an Associate Member of United Public Workers Local 646, since January 7, 1971." On that date, according to the decision, plaintiff was made an Associate Member at her own request, after assuming a supervisory position.

Plaintiff had appealed to the Judicial Panel some months before commencing her action. In the circuit court she complained of delay in the disposition of the matter by that body, excusing her further pursuit of administrative remedies before bringing action. She did not seek any relief against AFSCME, which was not a party. She states that: "The presence or absence of good faith on the part of the union [UPW Local 646] is not the issue."

To support the award of attorneys' fees, plaintiff relies on the exception to the general American rule recognized in *Hall v. Cole*, 412 U.S. 1 (1973), which extended to union cases in

federal courts the doctrine of *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939), and *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970).

Plaintiff argues that: "The sole factual issue was whether the suit was providently brought, and once that finding was made, the allowance of the fees was solely within the discretion of a trial court . . . ." However, *Hall* was bottomed on the conclusion that in the particular litigation there involved plaintiff had "rendered a substantial service to his union as an institution and to all of its members." On that ground "fee shifting" to the union treasury was upheld. *Hall v. Cole, supra,* 412 U.S. 1, 5-8. There is no intimation in *Hall* that the mere restoration of plaintiff Cole to union membership would have been a basis for awarding attorneys' fees. In *Campbell v. Hawaii State Teachers Association,* No. 5357, Memorandum Opinion (1973), we applied the rule denying attorneys' fees, finding no exception though plaintiff Campbell was successful in establishing his right to the office of president of the defendant union.

The only attempt made in this case to present an issue of general significance was plaintiff's assertion in her complaint that mere advancement of a union member to a supervisory position would subject him to denial of membership in UPW unless the court interpreted the UPW constitution to the contrary. This was not a justiciable issue, because a conflict of interpretation on this point was not presented by the record.[2] *Cf., Shadowens v. Hawaii Housing Authority,* 53 Haw. 213, 491 P.2d 114 (1971). Hence, we do not reach the question of whether the *Hall* exception should be engrafted as part of Hawaii law. Nor do we decide what kind of benefit

---

[2] The interpretation placed on the union constitution by defendants was unclear up to the time when defendants' answer was filed. The answer denied the allegation that members advanced to supervisory positions would be subjected to denial of membership. In the decision by the Chairman of the Judicial Panel it is noted that: ". . . counsel for both sides of the dispute agreed that *if* Ms. Salvador did not resign and *if* the vote to make her an Associate Member had failed, she would have continued in an active membership status."

to the union or its members would sustain fee shifting under such an exception. We hold that the award of attorneys' fees was erroneous.

Defendants also have appealed from the award of $159.82 as out-of-court expenses incurred by plaintiff at the administrative level. There is no authority for the award of such costs. HRS § 607-9 does not apply. In addition, the sum of $135.30 was allowed as taxable costs. These costs are disputed by defendants on the gound that plaintiff was not the prevailing party.[3] Plaintiff's claim for relief was dismissed on defendants' motion for summary judgment made on the ground that plaintiff had received the relief which she sought as to her union membership through the decision of the Chairman of the Judicial Panel, AFSCME. As seen, the trial court found that this relief was obtained by virtue of the suit brought. The affidavit accompanying the motion for summary judgment conceded that the decision of the Chairman of the Judicial Panel was authoritative. Hence, nothing remained for decision on the merits. Under the circumstances, the fact that the action was dismissed as moot did not preclude plaintiff from recovering costs. *See Newport News Fire Fighters Association Local 794 v. City of Newport News,* 339 F. Supp. 13, 17-18 (E.D. Va. 1972); *cf., Yap v. Wah Yen Ki Tuk,* 43 Haw. 37, 42 (1958).

Defendants say that at least as against the additional plaintiffs named as class representatives they were the prevailing parties, since the court held that the complaint did not state a class action. Defendants were not allowed their bill of costs in the amount of $61. We hold that this was within the sound discretion of the trial court. HRCP, Rule 54(d); 6 J. Moore, FEDERAL PRACTICE ¶54.70 (3) (4) (5) (2d ed. 1953).

Reversed in part and remanded for modification of the judgment, reducing to $135.30 the amount awarded plaintiff.

---

[3] HRCP, Rule 54(d) reads:

(d) *Costs.* Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . .

*James A. King (Bouslog & Symonds* of counsel) for defendants-appellants.

*Helen B. Ryan (Ryan & Ryan* of counsel) for plaintiffs-appellees.