CUERVA & ASSOCIATES, a Philippine partnership, Plaintiff-Appellant, Cross-Appellee, *v.* AHOON H. WONG, Defendant and Third-Party Plaintiff-Appellee, Cross-Appellant, *v.* REX BLACKBURN and JOSEPH E. SCALLON, Third-Party Defendants-Appellees, Cross-Appellees

NO. 6480

and

WILLIAM B. BORTHWICK, Plaintiff-Appellant, *v.* AHOON H. WONG, Defendant and Third-Party Plaintiff-Appellee, *v.* REX BLACKBURN and JOSEPH E. SCALLON, Third-Party Defendants-Appellees

NO. 6481

SEPTEMBER 12, 1980

HAYASHI, C.J., BURNS, J. AND CIRCUIT JUDGE CHUN
IN PLACE OF ASSOCIATE JUDGE PADGETT, DISQUALIFIED

OPINION OF THE COURT BY BURNS, J.

By stipulation, Case No. 6480 (Civil No. 40634) and Case No. 6481 (Civil No. 40635) were consolidated for trial and for argument before this court.

I.  NO. 6480 (CIVIL 40634) — CUERVA & ASSOCIATES *v.* WONG.

This is an appeal by Plaintiff Cuerva from the lower court's judgment confirming the jury's verdict.

By Complaint dated November 1, 1973 Cuerva sued Wong as maker of a $15,000.00 promissory note dated January 1, 1969. The note required interest at the rate of 7½% per annum. Wong filed a third-party complaint against co-makers Blackburn and Scallon. The consideration for the promissory note was services performed and to be performed by Cuerva. In defense, Wong alleged a partial failure of consideration.

Cuerva specifies three errors on appeal:

A. Award of attorney's fees pursuant to Hawaii Revised Statutes (HRS) § 607-14 (assumpsit) rather than HRS § 607-17 (promissory note).

B. Award of interest at the statutory rate of 6% per annum from June 10, 1976, the date of the jury's verdict, rather than at the promissory note's rate of 7½% per annum from January 1, 1969, the date of the promissory note.

C. Denial of Cuerva's June 3, 1976 Motion for Continuance of the trial.

Wong preserved his right to cross-judgments, against Blackburn and Scallon by filing cross-appeals against them.

*Alleged Errors A and B:* At the conclusion of the trial, the jury gave the following answers to the following questions:

1. Is Cuerva entitled to recover from Wong, Blackburn and Scallon on the promissory note? Yes.
2. Is the liability under the promissory note, the joint and several liability of the three signatories to such note? Yes.
3. The liability being joint and several, was there a failure of consideration on Cuerva's part? Yes.
4. The liability being joint and several, and there being a failure of consideration, what percentage of services did Cuerva render, if any? 66⅔%.

The lower court gave judgment in favor of Cuerva against Wong in the amount of $10,000.00, together with interest from June 10, 1976, the date of the jury's verdict, at 6% per annum and awarded Cuerva attorney's commissions of $875.00.

The lower court gave separate judgments in favor of Wong against Blackburn and Scallon, each in the amount of $3,333.33, plus attorney's commissions of $633.33.[1]

The lower court's award of attorney's commissions pursuant to HRS § 607-14 and interest from the date of the verdict was based on its conclusion "that the verdict in this case was rendered on the basis of quantum meruit and not the promissory note". In so concluding, the lower court ignored the theory on which the case was presented and contradicted the jury's verdict that Cuerva was entitled to recover on the promissory note.

We hold that the basis of Cuerva's recovery was the promissory note and therefore that Cuerva is entitled to the reasonable attorney's fees authorized by HRS § 607-17 and to interest at the rate specified in the promissory note from the date of the promissory note.

---

[1] $633.33 is the maximum amount of attorney's fees which HRS § 607-14 (assumpsit) authorizes on a judgment of $3,333.33. The lower court's judgment failed to require Blackburn and Scallon to pay one-third (⅓) of the $875.00 attorney's fees which Wong was required to pay Cuerva.

*Alleged Error C:* Motions for trial continuances are addressed to the court's discretion. *In the Matter of Adoption of Jane Doe*, 42 Haw. 250 (1957). The exercise of that discretion will not be disturbed on appeal except on a showing of an abuse. *See Irwin v. Lyman*, 29 Haw. 434 (1926).

The record indicates that Cuerva did not diligently pursue its cause of action. It filed the Complaint on November 1, 1973 but did not file its statement of readiness until June 9, 1975. The trial was originally set for February 9, 1976 but was continued to April 12, 1976 by stipulation at Cuerva's request. On April 9, 1976 Cuerva filed a motion for continuance, which motion was denied (but the trial was delayed because of the court's clogged calendar); on April 27, 1976 it filed a motion to reconsider the denial of its motion for continuance, which motion was denied; and on June 3, 1976 it filed the Motion for Continuance in question, which motion was denied on June 8, 1976. The trial finally began on June 9, 1976.

The reason Cuerva gave for its latest request for a continuance of the trial was that Cuerva's managing partner and material witness, William Borthwick, was unavailable for trial. The reason given for Borthwick's unavailability was that Manila, the city of his residence, was deluged by a devastating typhoon. Cuerva admits, however, that the alleged typhoon occurred prior to May 26, 1976 and that there was never any significant interruption in passenger air service between Manila and Hawaii.

In view of the record, we find no abuse of discretion in the trial judge's denial of Cuerva's Motion for Continuance of the trial.

We reverse and remand No. 6480 (Civil 40634) to the trial court for:

1. Determination of reasonable attorney's fees to be paid by Wong to Cuerva pursuant to HRS § 607-17 and by Scallon and Blackburn to Wong pursuant to HRS § 607-14;

2. Entry of judgment in favor of Cuerva against Wong in the amount of $10,000.00 plus interest computed at the rate of 7½% per annum from January 1, 1969 plus the reasonable attorney's fees determined as specified herein;

3. Entry of judgment in favor of Wong against Blackburn and against Scallon each in the amount of one-third (⅓) of Wong's total liability (principal, interest and attorney's fees) to Cuerva plus reasonable attorney's fees determined pursuant to paragraph "1" above.

II. NO. 6481 (CIVIL 40635) — BORTHWICK *v.* WONG.

This is an appeal by Plaintiff Borthwick from the lower court's Order Denying Motion for Reconsideration and Awarding Attorney's Fees to Ahoon H. Wong, filed October 28, 1976. A ruling on the validity of that order requires an analysis of the events which led up to it:

*June 23, 1976:*
Judgment entered upon directed verdict.

*July 6, 1976:*
Borthwick files a Hawaii Rules of Civil Procedure (HRCP) Rule 59(a) motion for new trial; a Rule 59(e) motion to alter or amend judgment; and a Rule 60(b)(6) motion for relief from judgment.

*July 8, 1976:*
The date of service stated in the Certificate of Service attached to the consolidated motions.

*August 13, 1976:*
Court hears argument on the motions and orally denies all of them.

*August 19, 1976:*
The lower court files an order denying all of Borthwick's motions.

*September 2, 1976:*
Borthwick files a motion for reconsideration of the lower court's denial of his Rules 59(a), 59(e) and 60(b)(6) motions.

*October 28, 1976:*
The lower court files an order which denies Borthwick's motion for reconsideration and awards Wong $150.00 in attorney's fees.

1. We affirm the portion of the lower court's order which denied the September 2, 1976 Motion for Reconsideration for the following reasons:

A. Borthwick's Motion for Reconsideration involved the same matters and arguments he presented to the lower court when it granted Wong's motion for directed verdict and when it denied Borthwick's HRCP Rules 59(a), 59(e) and 60(b)(6) motions. We are unable to find any authority in applicable rules or elsewhere which entitles Borthwick to file a motion for reconsideration of a denial of his Rules 59(a), 59(e) and 60(b)(6) motions. In our view, Borthwick went as far in the lower court as he was entitled to go when the court heard and ruled on his Rules 59(a), 59(e) and 60(b)(6) motions. He was not entitled to reconsiderations.[2]

B. Both Rules 59(a) and 59(e) require that motions under them must be served not later than ten (10) days after judgment. Had Borthwick served the motions on July 6, 1976, he would have complied with the rules.[3] The record indicates that service was effected on July 8, 1976. Therefore, both Rule 59 motions were untimely, and the court did not abuse its discretion in denying them and in deciding not to reconsider.

C. The Rule 60(b)(6) motion contained nothing that Borthwick had not already argued before the court at the trial. It was merely Borthwick's method of asking the court to reconsider its directed verdict. In our view, it was a misuse of Rule 60(b)(6). Therefore, the court did not abuse its discretion in denying Borthwick's Rule 60(b)(6) motion and in deciding not to reconsider.

2. We reverse the portion of the lower court's order which awarded attorney's fees to Wong for the following reasons:

The general rule is that each party to litigation must pay

---

[2] Rule 59(b) of the Hawaii Family Court Rules specifically permits a motion for reconsideration of the court's decision. HRCP has no similar provision.

[3] July 3, 1976 was a holiday, July 4, 1976 was a Saturday, and July 5, 1976 was a Sunday. By Rule 6, HRCP, service due on July 3, 1976 was extended to July 6, 1976.

his own counsel fees and such fees are not allowable in the absence of a statute, agreement or stipulation authorizing the allowance thereof. *Dress Mfg. Co. v. Cadinha*, 33 Haw. 456, 478 (1935), *Welsh v. Cambell*, 42 Haw. 490, 498 (1958), *Brown v. Tokuda*, 49 Haw. 311, 417 P.2d 636 (1966), *Salvador v. Popaa*, 56 Haw. 111 530 P.2d 7 (1974), *Cain v. Cain*, 59 Haw. 32, 575 P.2d 468 (1978).

The Hawaii Rules of Civil Procedure in certain situations specifically authorize the award of attorney's fees. *See* HRCP 37(a)(4). Rules 9(e) of the Rules of the Supreme Court of Hawaii and the rules of this court authorize the award of attorney's fees in civil appeals "where the court finds that the appeal is frivolous or has been sued out merely for delay".

In this case, Borthwick's counsel, with commendable candor, revealed the reason for his motion for reconsideration in the following dialogue with the lower court judge:

MR. TAYLOR: . . . I was unable to attend the original motion due to a trip that had been planned to the mainland and Mr. Youth came in my stead and Mr. Youth was not at the time very conversant in the case. I chose to file this in order to be able to address the Court . . . in order to present my arguments from a first-hand position of the trial.

. . . . .

THE COURT: . . . was there something significant to be presented to the Court which was not available for presentation to the Court at the motion for a new trial?

MR. TAYLOR: What was extremely significant, your Honor, was my presence.

Based on that conversation, the lower court concluded that Borthwick's motion was without proper basis or merit. We agree.

The issue remains, however, whether the failure of applicable statutes or rules to specifically authorize the lower court to award reasonable attorney's fees precludes it from awarding such fees to one party when those fees have been

generated in response to a motion by the other party which is without proper basis or merit.

In our view, the law that attorney's fees may not be awarded unless such award is authorized by statute, stipulation or agreement is so firmly fixed in our jurisprudence that we do not have the authority to change it. We therefore enforce it and hold that the lower court acted beyond its authority.

Affirmed in part and reversed in part. Case No. 6481 (Civil 40635) remanded for action consistent with this opinion.

*Jeffrey M. Taylor* for William B. Borthwick and Cuerva & Associates.

*John Jubinsky (Wayne Nasser* with him on the brief) for Ahoon H. Wong.

*Lincoln Ishida* (joining in the brief and argument of Ahoon H. Wong) for Rex Blackburn.