ROY HALL, dba H & H CONSTRUCTION, Plaintiff-Appellant, *v.* SHANTY K. ANDOW, dba HALE CONSTRUCTION CO., Defendant-Appellee

NO. 7173

CIVIL NO. 4680

OCTOBER 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment below entered after the granting of a directed verdict against plaintiff-appellant and in favor of defendant-appellee and from an order taxing costs and attorney's fees.

The notice of appeal which was filed simultaneously with the order taxing costs and attorney's fees does not specifically mention that order. However, given the fact of simultaneous filing in the court below, we deem it to have been an appeal from that order as well as from the judgment. We uphold the judgment but reverse the order granting attorney's fees.

Appellant entered into a framing subcontract with appellee for

the construction of certain homes in Hilo on December 18, 1975. That subcontract provided in part:

> The Sub-Contractor in entering into this agreement consents to be bound by the terms and conditions of the plans, specifications, and contract between the Owner and the Contractor, . . .

The contractor's contract with the owner which is undated and is incomplete but which was executed provides in part:

> Owner shall complete all necessary financial arrangements in connection with this Contract in not more than ____ days from the date hereof and, upon such completion, shall promptly notify the Contractor of this fact and furnish confirmation of same from Owner's lender to Contractor's surety. Contractor shall commence construction within ____ days after such notice. In the event Owner fails to complete satisfactory financial arrangements within such period, this Contract shall be void.

The contract also provides that if suit is instituted on the contract, the prevailing party shall receive a 25% collection and/or attorney's fee.

At trial, it was not established that appellant was shown the construction contract and he contended, in his testimony, that he was not told about the contingency of the owner's obtaining satisfactory financing.

However, his contract is entitled "Subcontractors Agreement". Moreover, it specifically provides that he is bound by the terms of the contract between the contractor and the owner. His testimony at trial shows that he knew that for the project to go forward, it was necessary to obtain the governor's signature and that that signature had not been obtained when he signed the agreement.

Given those circumstances, it is obvious that appellant knew his contract was contingent upon appellee's contract being put into execution and it is undisputed that it never was, through no fault of the appellee. That being so, a directed verdict was properly granted.

As for attorney's fees, there was no provision in the subcontract for the payment of the same. The agreement in the subcontract to be bound by the terms of the contract does not carry into the subcontract the agreement for attorney's fees since that agreement is effective only with respect to attorney's fees where a suit is instituted on the contract. This suit was instituted on the subcontract. Accordingly, there being no agreement, statute, rule or precedent applica-

ble in this case, the court below erred in awarding attorney's fees pursuant to § 607-17, Hawaii Revised Statutes (HRS). *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980); *Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981). Attorney's fees could and should have been awarded in accordance with § 607-14, HRS.

As to the matter of costs, while some costs obviously are taxable, many of the items which the court taxed cannot properly be allowed. *Turner v. Willis,* 59 Haw. 319, 582 P.2d 710 (1978); *Smothers v. Renander, supra.*

Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.

*William J. Rosdil (Robert L. Sommers* with him on the opening brief) for appellant.

*Milton M. Motooka (Kashiwa, Iwai, Motooka & Goto* of counsel) for appellee.