RAYMOND VINCENT TAIBBI, JR., and JENNIFER TAIBBI, Plaintiffs-Appellants, *v.* ROBERT MARVIT and MARCIA JO TAIBBI, Defendants-Appellees

NO. 7492

CIVIL NO. 55598

OCTOBER 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from an order below which granted $2,400 in attorney's fees and $25 in costs to the defendants-appellees on the ground that the suit brought by appellants was in bad faith and was frivolous. We reverse.

Until the enactment of Act 286 of the Session Laws of 1980 which became effective June 17, 1980, there was no statute allowing fees in such cases. Obviously, there was no agreement for the payment of such fees in this case. There is no judicial precedent in this jurisdiction for the allowance of attorney's fees in a situation such as this nor is there any authorization for that allowance under the Rules of Civil Procedure. For example, in this case, there was an offer of judgment under Rule 68. The sanction under Rule 68 where an offer is rejected is specifically limited to the payment of costs incurred after the rejection.

The general rule is that each party to litigation must pay his own counsel's fees and such fees are not allowable in the absence of a statute, agreement, precedent, rule of court or stipulation authorizing the allowance thereof. *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980); *Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981).

In an analogous situation, we stated:

The issue remains, however, whether the failure of applicable statutes or rules to specifically authorize the lower court to award reasonable attorney's fees precludes it from awarding such fees to one party when those fees have been generated in response to a motion by the other party which is without proper basis or merit.

In our view, the law that attorney's fees may not be awarded unless such award is authorized by statute, stipulation or agreement is so firmly fixed in our jurisprudence that we do not have the authority to change it. . . .

*Cuerva & Associates v. Wong, supra,* at 200-201.

The order appealed from is reversed as to the attorney's fees but affirmed as to costs.

*Charles R. Kozak* for plaintiffs-appellants.

*Evan R. Shirley (Marguerite B. Simson* on the briefs) for defendants-appellees.