THEODORE B. JORDAN, Intervenor-Appellant, *v.* MACK H. HAMADA, Chairman, Hawaii Public Employment Relations Board; JOHN E. MILLIGAN and JAMES K. CLARK, Board Members of the Hawaii Public Employment Relations Board and the HAWAII PUBLIC EMPLOYMENT RELATIONS BOARD, Appellees, and the HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AFSCME, AFL-CIO, Petitioner-Appellee

NO. 7316

CIVIL NO. 56288

APRIL 2, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY LUM, J.

The sole question posed by this appeal is whether appellant has standing as a "person aggrieved" within the meaning of HRS § 91-14(a) of the Hawaii Administrative Procedure Act ("HAPA") to seek judicial review of an administrative agency's decision. We hold that he does not, and accordingly affirm the circuit court's order dismissing his appeal.

I.

This is the last of three appeals brought by Theodore B. Jordan to challenge the certification of service fees charged by appellee Hawaii Government Employees' Association, Local 152, AFSCME, AFL-CIO ("HGEA"), pursuant to HRS § 89-4 as the exclusive representative of the bargaining unit to which appellant Jordan, a former University of Hawaii employee, belonged. *See Jordan v. Hamada,* 64 Haw. 446, 643 P.2d 70 1982); *Jordan v. Hamada,* 62 Haw. 444, 616 P.2d 1368 (1980). Because a full explanation of the service fee and some of the pertinent circumstances were related earlier in the above opinions, we shall recount only those facts which are necessary as a context for the issue appellant raises herein.

Appellee Hawaii Public Employment Relations Board ("HPERB") issued its Decision No. 78 on July 28, 1977, in which it certified as reasonable the service fee which HGEA sought to impose on members of the six bargaining units it represented. The service fee was made retroactive to September 1, 1976. The decision also authorized the public employer to deduct the fee as certified from employees' salaries until such time as HPERB directed otherwise.

On September 23, 1977, HGEA filed a petition with HPERB for certification of an increased service fee. Appellant intervened to

challenge the proposed fee on statutory and constitutional grounds, but HPERB nonetheless certified the fee as reasonable in Decision No. 93 issued on October 20, 1978. The increased fee was declared retroactive to September 1, 1977, and the employer was accordingly authorized to deduct from the payrolls the difference between the newly certified service fee and the amount actually deducted for the period between September 1, 1977 and the date of Decision No. 93. The full amount of the increased fee was to be deducted from the date of the decision.

Appellant retired from state employment on October 31, 1978, without paying the additional amounts reflecting the increased service fee, as Decision No. 93 was not implemented until January, 1979.[1]

On November 21, 1978, appellant filed a notice of appeal with the first circuit court pursuant to HRS § 91-14, again complaining of statutory and constitutional violations committed in HPERB's certification of HGEA's service fee. The court, however, dismissed the appeal by written order dated December 27, 1978, for the reason that appellant was not aggrieved by Decision No. 93 and therefore lacked standing to contest its validity. It is from this dismissal that Jordan now appeals.

II.

Standing, as characterized by this court in *Life of the Land, Inc. v. Land Use Commission*, 63 Haw. 166, 623 P.2d 431 (1981), is that aspect of the requirement of a justiciable controversy for judicial intervention that focuses on the party seeking the forum rather than on the nature of the issues he wants resolved. *Id.* at 172, 623 P.2d at 438. "And the crucial inquiry in its determination is 'whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of . . . [the court's] jurisdiction and to justify exercise of the court's remedial powers on his behalf.' *Warth v. Seldin*, (422 U.S. 490) at 498-99 (original emphasis)." *Id.*

As codified by HAPA in HRS § 91-14 and interpreted by this

---

[1] Deductions for the full service fee and for amounts constituting the difference between the old and new service fees were to begin with the January, 1979 payroll, the latter to be made in two lump sums.

court on numerous occasions, the concept of standing in the context of administrative appeals has two components. First, one must be a "person aggrieved," *inter alia,* "by a final decision and order in a contested case." HRS § 91-14(a) (1976). Second, the aggrieved person must have participated in the contested case from which the decision affecting him resulted. *Id.; Life of the Land, Inc. v. Land Use Commission,* 61 Haw. 3, 6, 594 P.2d 1079, 1081 (1979); *In re Application of Hawaiian Electric Company,* 56 Haw. 260, 264, 535 P.2d 1102, 1105 (1975); *City and County v. P.U.C.,* 53 Haw. 431, 433, 495 P.2d 1180, 1182 (1972).

It is undisputed that appellant was allowed to intervene in the HPERB proceedings on the proposed service fee for the period beginning September 1, 1977, a "contested case" within the meaning of HRS § 91-1.[2] Appellant, however, initially posits that this fact alone entitles him to seek judicial review of Decision No. 93, as HPERB's granting him party status came in recognition of the direct pecuniary effect its decision would have on appellant.

HRS § 91-14 quite clearly contradicts this contention by requiring that a person must be aggrieved by administrative action in order to appeal of right, and this determination is to be made at the time the right to appeal is asserted or attacked, not at the time of the appellant's intervention in the proceedings below. *Accord, In re Campbell's Estate,* 46 Haw. 475, 499, 382 P.2d 920, 942 (1963). The mere fact that one has been permitted to intervene in an administrative proceeding, regardless of the existence of a justiciable interest at the time of the appeal, does not entitle one to pursue an appeal under HRS § 91-14. *See Honolulu Construction and Draying Company v. Terrace Developers, Ltd.,* 48 Haw. 68, 74, 395 P.2d 691, 696 (1964); *accord, Pittsburgh and West Virginia Railway Company v. United States,* 281 U.S. 479, 486 (1930); *Terrill v. City of Tacoma,* 195 Wash. 275, 277, 80 P.2d 858, 859 (1938).

The question of standing in this case thus resolves itself into a determination of whether appellant was "aggrieved" by HPERB's Decision No. 93 so as to have a justiciable interest on appeal. In *East Diamond Head Association v. Zoning Board,* 52 Haw. 518, 479 P.2d 796

---

[2] "Contested case" is defined by HRS § 91-1(5) (1976) as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."

(1976), we adopted the definition of "person aggrieved" as one who has been specially, personally and adversely affected by special injury or damage to his personal or property rights. *Id.* at 522, 479 P.2d at 798. There we held that an unincorporated landowners' association and some of its individual members had standing to challenge a variance which would have enabled an adjacent parcel to be used as a location for movie production, since the industrial use would immediately and directly affect each landowner. *Accord, Dalton v. City and County,* 51 Haw. 400, 462 P.2d 199 (1969). Likewise, this court in *In re Application of Hawaiian Electric Company, supra,* recognized appellants' right under HAPA to appeal a Public Utilities Commission decision approving rate increases proposed by Hawaiian Electric Company since, as ratepayers subject to the higher charges, they were "specifically, personally and adversely affected" by agency action. *Id.* at 264-65, 535 P.2d at 1105. This standard has also been applied in *Life of the Land, Inc. v. Land Use Commission, supra* (1981 case); *Life of the Land, Inc. v. Land Use Commission, supra* (1979 case); and *Waianae Model Neighborhood Area Association, Inc. v. City and County,* 55 Haw. 40, 514 P.2d 861 (1973), to find standing in the respective appellants based on substantial harm suffered or anticipated to property or personal interests, including aesthetic and environmental interests.

Appellant in the instant case claims to have been specifically, personally and adversely affected by HPERB's Decision No. 93 in two ways. First, because the decision declared the increased service fee effective retroactive to September 1, 1977 for employees on the payroll at that time, appellant maintains that the amounts deducted from his salary from that date, although admittedly not equivalent to the entire increased fee, represented part payments of the new fee under Decision No. 93. Second, appellant conjectures that he may still be liable to HGEA notwithstanding his retirement for the difference between the new service fee and amounts he actually paid from September 1, 1977 until his retirement by analogizing the effect of HPERB's decision to that of a judicial judgment.

Despite its superficial logical appeal, appellant's argument fails to convince us that he was or will ever be personally affected by Decision No. 93. While it appears that that decision certified the entire service fee retroactive to September 1, 1977 and not just the increase over the previously certified fee, the fact remains that

appellant did not pay any amounts reflecting the new fee since these amounts were not deducted from employees' salaries until after appellant retired. Therefore, the only amounts he paid between September 1, 1977 and the date of Decision No. 93, October 20, 1978, were authorized by Decision No. 78, which appellant is presently contesting in circuit court. *See Jordan v. Hamada,* 64 Haw. 446, 643 P.2d 70 (1982). That the new fee was certified retroactive to September 1, 1977 does not alter the fact that the amounts appellant paid were authorized not by Decision No. 93 but by Decision No. 78.

Moreover, appellant will not be liable in the future for amounts representing the increase in fee between September 1, 1977 and the date of his retirement, because HRS § 89-4 permits the public employer to deduct the service fee only "from the payroll of every employee in the bargaining unit." An "employee" for the purposes of HRS Chapter 89 is "any person employed by a public employer." HRS § 89-2(7) (1976). HGEA's ability to charge appellant its service fee thus ceased on October 31, 1978, when appellant terminated his employment with the University of Hawaii.[3]

Because he has not and will not be affected by HPERB's Decision No. 93 as a retired employee, appellant Jordan is not a "person aggrieved" within the meaning of HRS § 91-14 and consequently lacks standing to seek judicial review of the decision. The circuit court's dismissal of his appeal is sustained.

*Richard Bender (James S. Campbell, Kent M. Keith* and *John R. Pingree* on the briefs, *Cades Schutte Fleming & Wright* of counsel) for intervenor-appellant.

*Benjamin C. Sigal (Shim, Sigal, Tam & Naito,* a Law Corporation, of counsel) for petitioner-appellee.

*Glenn Choy (Sonia Faust* and *Linda K. Goto* on the brief) for appellees.

---

[3] This conclusion is reinforced by HPERB's Decision No. 29, in which the Board's majority expressed the opinion that HRS § 89-4 did not create a contractual obligation between the employee and the exclusive representative of the employee's bargaining unit for payment of the service fee. The statute was instead viewed as requiring payment of the fee in the form of a payroll deduction, which could not be made when the employee was not receiving any pay.