THC FINANCIAL CORPORATION, a Hawaii corporation, by and through J. Carl Osborne, Chapter X Trustee, Plaintiff, *v.* LR&I DEVELOPMENT ONE, a registered Hawaii limited partnership, and DENNIS J. KRUM, Defendants and Thirty-Party Plaintiffs-Appellants, *v.* BANK OF HAWAII, JOHN DOES 1-10, JANE DOES 1-10 and DOE CORPORATIONS 1-10, Third-Party Defendants-Appellees

NO. 6988

(CIVIL NO. 51404)

NOVEMBER 16, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

ATTORNEY'S FEES.
   Attorney's fees cannot be granted unless authorized by statute, rule of court, agreement, stipulation or Hawaiian precedent.

*Per Curiam.* This is an appeal from two orders. One order granted a motion to dismiss an amendment to a third-party complaint and the other assessed attorney's fees in favor of the third-party defendant against the third-party plaintiff. The order dismissing the amendment to the third-party complaint contained the appropriate recitals under Rule 54(b), HRCP, and thus was a final and appealable order. On a review of the record, we see no error in the granting of that order.

As to the order granting attorney's fees, numerous cases hold that attorney's fees cannot be granted unless authorized by statute, rule of court, agreement, stipulation or Hawaiian precedent. *Dress Mfg. Co. v. Cadinha,* 33 Haw. 456, 478 (1935); *Welsh v. Campbell,* 42 Haw. 490, 498 (1958); *Brown v. Tokuda,* 49 Haw. 311, 417 P.2d 636 (1966); *Salvador v. Popaa,* 56 Haw. 111, 530 P.2d 7 (1974); *Cain v. Cain,* 59 Haw. 32, 575 P.2d 468 (1978).

It is apparent in the record that the court below granted attorney's fees because it felt that the amendment to the third-party complaint was brought in bad faith. The order below, however, was entered in 1978. There was not then any statute, rule of court or Hawaiian judicial precedent for such an award. *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980). In 1980, by Act 286, the legislature added § 607-14.5, HRS, which permits an award of attorney's fees against a party whose claim is found to be completely frivolous. Since that statute was not yet in effect when the order was entered, we reverse the award of attorney's fees.

Affirmed in part and reversed in part.

*Richard H. Lachmann (Kelso, Spencer, Snyder & Sterling* of counsel) on the brief for appellants.

*John Rapp (Goodsill Anderson & Quinn* of counsel) on the brief for appellee.