GEORGE R. ARIYOSHI, Governor of the State of Hawaii;
HERBERT T. MATAYOSHI, Mayor, County of Hawaii;
HANNIBAL TAVARES, Mayor, County of Maui; EILEEN
R. ANDERSON, Mayor, City and County of Honolulu; and
TONY KUNIMURA, Mayor, County of Kauai, Appellants-
Appellees, *v.* HAWAII PUBLIC EMPLOYMENT
RELATIONS BOARD, Appellee-Appellant, and STATE OF
HAWAII ORGANIZATION OF POLICE OFFICERS,
Appellee-Cross-Appellee / Appellee-Cross-Appellant, and
JERROLD G. BROWN AND THOSE SIMILARLY
SITUATED; and BOISSE P. CORREA AND THOSE
SIMILARLY SITUATED, Appellees-Cross-Appellants/
Appellants-Cross-Appellees

NO. 9654

(CIVIL NO. 76666)

MAY 6, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Hawaii Public Employment Relations Board (HPERB), and Jerrold G. Brown (Brown) and Boisse P. Correa (Correa) (hereafter Brown and Correa will be collectively called Complainants) appeal from a circuit court decision in favor of appellants-appellees George R. Ariyoshi, Governor of the State of Hawaii; Herbert T. Matayoshi, Mayor, County of Hawaii;[1] Hannibal Tavares, Mayor, County of Maui; Eileen R. Anderson, Mayor, City and County of Honolulu;[2] and Tony Kunimura, Mayor, County of Kauai (hereinafter collectively referred to as the public employers). The circuit court reversed HPERB's March 4, 1983 decision which, *inter alia,* ordered a re-ratification election for the collective bargaining contract (contract) between the public employers and the State of Hawaii Organization of Police Officers (SHOPO) covering the period from July 1, 1981, to June 30, 1983. We vacate the circuit court's order and remand with instructions.

The dispositive issues[3] and our answers are:

1) Whether the public employers had standing to appeal to the circuit court from HPERB's decision and order. Yes.

---

[1] At the time the appeal to the circuit court was filed, Herbert T. Matayoshi was Mayor of the County of Hawaii.

[2] At the time the appeal to the circuit court was filed, Eileen R. Anderson was Mayor of the City and County of Honolulu.

[3] The public employers and the State of Hawaii Organization of Police Officers (SHOPO) argue that this appeal is moot because the contract in question has expired. However, because the prohibited practices are "capable of repetition, yet evading review," that aspect of the case is not moot. *Wong v. Board of Regents, University of Hawaii,* 62 Haw. 391, 396, 616 P.2d 201, 204 (1980).

2) Whether HPERB abused its discretion in ordering the re-ratification election. Yes.

3) Whether the circuit court erred in not reversing HPERB's denial of Complainants' request for attorney's fees. No.

## FACTS

On August 20, 1981, Complainants for themselves and "those similarly situated" filed with HPERB two separate prohibited practice complaints (No. CU-12-41 and No. CU-12-42) alleging that SHOPO had violated their rights under Hawaii Revised Statutes (HRS) § 89-13(b)(1) (1976)[4] during the election to ratify the contract. On September 4, 1981, those cases were consolidated with a similar case filed by Joseph N. A. Ryan (Ryan) (No. CU-12-40) on August 17, 1981. However, when Ryan subsequently amended his complaint to include allegations against the public employers, the cases were severed. On October 6, 1981, Complainants filed amended complaints, still not naming the public employers as parties, re-alleging the prohibited practices and requesting attorney's fees.

On October 6, 1981, at an HPERB hearing on the matter, SHOPO filed an amended answer, which expressly admitted that it had violated Complainants' voting rights and withdrew all defenses previously asserted. On the same day, SHOPO orally admitted specifically violating HRS § 89-13(b)(1) and (4) (1976).[5] SHOPO also waived its right to a hearing on the merits of the complaints, and agreed to the entry of a cease and desist order against it.

---

[4] Hawaii Revised Statutes (HRS) § 89-13(b)(1) provides:
Prohibited practices; evidence of bad faith. * * *
(b) It shall be a prohibited practice for a public employee or for an employee organization or its designated agent wilfully to:
(1) Interfere, restrain, or coerce any employee in the exercise of any right guaranteed under this chapter[.]

[5] HRS § 89-13(b)(4) provides:
Prohibited practices; evidence of bad faith. * * *
(b) It shall be a prohibited practice for a public employee or for an employee organization or its designated agent wilfully to:
* * *
(4) Refuse or fail to comply with any provision of this chapter[.]

One year later, on October 6, 1982, HPERB filed its proposed findings, conclusions of law, and order, directing, *inter alia,* a statewide re-ratification election and denying Complainants' request for attorney's fees. The public employers thereupon filed a petition to intervene on November 8, 1982, which was denied in an order dated January 26, 1983. However, HPERB did allow the public employers to submit *amicus curiae* briefs, which was done on December 21, 1982. The public employers never appealed HPERB's denial of their motion to intervene.

On March 4, 1983, a little less than four months prior to the contract's expiration, HPERB filed its findings of fact, conclusions of law, and order directing SHOPO to: (1) cease and desist excluding bargaining unit members who are not union members from procedures to ratify collective bargaining agreements; (2) cease and desist interfering with, restraining, or coercing bargaining unit members in the exercise of rights guaranteed to them under Chapter 89, HRS; and (3) conduct a re-ratification election. HPERB also denied Complainants' request for attorney's fees.

On March 23, 1983, the public employers filed a notice of appeal to the circuit court. On March 24, 1983, they also filed a motion for a stay of HPERB's order directing a re-ratification election pending appeal, which was granted on April 25, 1983. On April 4, 1983, Complainants filed a cross-appeal for costs and attorney's fees and a motion to dismiss the appeal on the ground that the public employers did not have standing to appeal under Rule 72(a), Hawaii Rules of Civil Procedure (HRCP) (1981).[6] The motion was denied on April 21, 1983. On that same date, SHOPO filed a motion to dismiss Complainants' cross-appeal. On July 18, 1983, the circuit court denied the motion.

---

[6] Rule 72(a), Hawaii Rules of Civil Procedure (HRCP), reads:

Rule 72. APPEAL TO A CIRCUIT COURT.

(a) How Taken. Where a right of redetermination or review in a circuit court is allowed by statute, any person adversely affected by the decision, order or action of a governmental official or body other than a court, may appeal from such decision, order or action by filing a notice of appeal in the circuit court having jurisdiction of the matter. As used in this rule, the term "appellant" means any person or persons filing a notice of appeal, and "appellee" means every governmental body or official (other than a court) whose decision, order or action is appealed from, and every other party to the proceedings.

On October 12, 1983, the circuit court entered an order reversing HPERB's decision. Thereafter, notices of appeal were filed by HPERB on November 8, 1983, and by Complainants on November 10, 1983.[7]

Throughout these proceedings none of the parties sought in any forum to stay performance or execution of the contract or any of its terms.

## STANDING OF PUBLIC EMPLOYERS

Complainants contend that the public employers were not aggrieved parties and were not involved in the contested case and, therefore, did not satisfy the two-pronged test to determine standing to appeal an administrative decision established by *Jordan v. Hamada,* 64 Haw. 451, 453-55, 643 P.2d 73, 75-76 (1982) (hereafter *Jordan II*). We disagree.

We approach this question with an underlying premise in mind: in this jurisdiction there is a policy favoring judicial review of administrative decisions. *See Mahuiki v. Planning Commission,* 65 Haw. 506, 654 P.2d 874 (1982); *Life of the Land v. Land Use Commission,* 63 Haw. 166, 623 P.2d 431 (1981) (hereafter *Life of the Land II*); *In re Hawaii Government Employees Ass'n,* 63 Haw. 85, 621 P.2d 361 (1980); *Jordan v. Hamada,* 62 Haw. 444, 616 P.2d 1368 (1980) (hereafter *Jordan I*); *Life of the Land, Inc. v. Land Use Commission,* 61 Haw. 3, 594 P.2d 1079 (1979) (hereafter *Life of the Land I*); *In re Application of Hawaiian Electric Co.,* 56 Haw. 260, 535 P.2d 1102 (1975) (hereinafter *Hawaiian Electric*); *City and County of Honolulu v. Public Utilities Commission,* 53 Haw. 431, 495 P.2d 1180 (1972); *East Diamond Head Ass'n v. Zoning Board,* 52 Haw. 518, 479 P.2d 796 (1971); *Dalton v. City and County of Honolulu,* 51 Haw. 400, 462 P.2d 199 (1969). The basic tenet in this jurisdiction regarding administrative determinations is that "standing requirements should not be barriers to justice[.]" *Mahuiki,* 65 Haw. at 512, 654 P.2d at 878; *Life of the Land II,* 63 Haw. at 173-74, 623 P.2d at 439. In *East Diamond*

---

[7] SHOPO's cross-appeal from the circuit court's denial of its motion to dismiss Complainants' appeal from HPERB's denial of their request for attorney's fees was withdrawn on May 1, 1984.

*Head Ass'n v. Zoning Board of Appeals, supra,* cited in *Mahuiki* and *Life of the Land II,* the supreme court said in support of that tenet:

> In this case we subscribe to Professor Davis' common sense position on standing requirements:
>
> "Complexities about standing are barriers to justice; in removing the barriers the emphasis should be on the needs of justice. One whose legitimate interest is in fact injured by illegal action of an agency or officer should have standing because justice requires that such a party should have a chance to show that the action that hurts his interest is illegal." Davis, *The Liberalized Law of Standing,* 37 U. of Chi. L. Rev. 450 (1970) at 473.

52 Haw. at 523 n.5, 479 P.2d at 799 n.5. Thus, "our touchstone remains 'the needs of justice.' " *Life of the Land II,* 63 Haw. at 176, 623 P.2d at 441.

The question is whether there was sufficient involvement by the public employers in the agency proceedings as "aggrieved parties" to give them standing to appeal HPERB's final order, notwithstanding their failure to appeal the denial of intervention. Put another way, not having appealed HPERB's denial of intervenor status, although participating as *amicus* in this case, were the public employers properly before the circuit court?

We find that *Hawaiian Electric, supra,* is instructive on this issue. In *Hawaiian Electric,* Life of the Land (LOL) and one Tony Hodges (Hodges) were denied intervention by the Public Utilities Commission (PUC) but granted "participation" status and were directed to present any relevant material through the PUC staff,[8] which they did. They were also permitted to submit proposed findings of fact and conclusions of law. The PUC staff did not file an appeal from the decision of the PUC granting a rate increase. LOL and Hodges appealed.

The supreme court held that LOL and Hodges had standing to appeal because they were "aggrieved parties" within the meaning of HRS § 91-14(a), since they would be paying higher rates, and, through their "participation" status, had been "involved" in the

---

[8] The Consumer Advocate now represents the consumer and participates as a party in PUC hearings. *See* HRS § 269-51(Supp. 1984).

proceedings before the PUC.[9] *See also, e.g., Jordan II*, 64 Haw. at 453-55, 643 P.2d at 75-76; *East Diamond Head Ass'n v. Zoning Board of Appeals, supra; Dalton v. City and County of Honolulu, supra.*

In the case at bar, we have no problem finding that the public employers were "persons aggrieved." Hawaii law has broadened the meaning of standing to challenge administrative actions to include those who have suffered "injury in fact." Prior to that trend of expansion, standing was usually confined to those who had suffered economic harm, i.e., standing depended upon the presence of a "legal right, — one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." *Life of the Land II*, 63 Haw. at 171-77, 623 P.2d at 437-41, citing *Tennessee Electric Power Co. v. Tennessee Valley Authority*, 306 U.S. 118, 137-38, 59 S.Ct. 366, 369-70, 83 L.Ed. 543 (1939). The public employers easily meet both the requirement of "legal right" and "injury in fact."

The public employers negotiated, were parties to, and were charged with administering the contract during its life from July 1, 1981, through June 30, 1983. The timing of the order for a new ratification election just four months before the contract was to expire cast grave doubts on the legality of all actions thereunder. Those doubts were given greater magnitude by the incipient threat that the contract could fail to be re-ratified. HPERB's re-ratification election order threatened to disrupt the duties and obligations of the parties to the contract. Consequently, the public employers had a "stake" in the outcome of the controversy sufficient to invoke judicial intervention.

The second gloss to the standing question is that the aggrieved party must also have *contested* the issue before the agency. "However, this adversary participation need not be confined to formal proceedings before the agency." *Hawaiian Electric*, 56 Haw. at 264,

---

[9] It may be argued that the case at bar is distinguishable from *Hawaiian Electric*, because in the latter case the supreme court pointed out that the PUC staff had not appealed and, therefore, the public interest in the outcome of the case would not otherwise have been voiced. The distinction is meaningless. In the circumstances here the public employers were directly aggrieved and could not be expected to wait to see if SHOPO would appeal. They had the right and the duty to appeal to protect their contract and the public's interest in stable law enforcement.

535 P.2d at 1105; *Jordan I,* 62 Haw. at 449, 616 P.2d at 1371; *East Diamond Head Association v. Zoning Board, supra.*

In this case, the fact that the public employers orally excepted to HPERB's proposed decision and filed an *amicus curiae* brief is sufficient for this court to find that they contested the issue before HPERB.

The fact situation here presents an even stronger basis for standing than that in *Hawaiian Electric,* since the public employers as parties to the contract are directly affected by HPERB's order, and their participation as *amicus* created sufficient "adversary participation."

### HPERB'S RE-RATIFICATION ORDER

In this "secondary" appeal, our review of the circuit court's review of the agency's decision is

based on the "right/wrong standard" defined in *State v. Miller,* 4 Haw. App. 603, 671 P.2d 1037 (1983), and *Davis v. Davis,* 3 Haw. App. 501, 653 P.2d 1167 [(1982)]. In order to determine whether the circuit court's decision was right or wrong, we must also apply HRS § 91-14(g) to the agency's decision.

*Outdoor Circle v. Harold K. L. Castle Trust Estate,* 4 Haw. App. 633, 640, 675 P.2d 784, 790 (1983) (citations omitted).

Under HRS § 91-14(g)(6) (1976), a reviewing court may reverse or modify an agency order if a party's substantial rights may have been prejudiced because the order is "characterized by abuse of discretion or clearly unwarranted exercise of discretion." Based on the facts in this case, we hold that HPERB's order mandating a re-ratification election was an abuse of discretion.[10]

Discretion denotes the absence of a hard and fast rule. When invoked as a guide to judicial action it means a sound discretion, exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the

---

[10] Appellants argue that the circuit court erred in reversing HPERB's decision because the court improperly considered evidence adduced in the Ryan case which is *dehors* the record in this case. In view of our holding, it is not necessary for us to consider that argument.

law, and directed by the reason and conscience of the judge to a just result.

*In re Chow,* 3 Haw. App. 577, 586, 656 P.2d 105, 112 (1982); *Booker v. Midpac Lumber Co.,* 65 Haw. 166, 649 P.2d 376 (1982).

> The essence of judicial discretion is the exercise of judgment directed by conscience and reason, as opposed to capricious or arbitrary action; . . . the question is not whether the reviewing court agrees with the court below, but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case could reasonably have reached the conclusion of which complaint is made. *Pitts v. White,* 49 Del. 78, 109 A.2d 786, 788.
>
> In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. *Berry v. Chaplin,* 74 Cal. App. 2d 669, 169 P.2d 453, 456.

*State v. Tominaga,* 45 Haw. 604, 614, 372 P.2d 356, 362 (1962).

HPERB's re-ratification order exceeded the bounds of reason under the circumstances. A cease and desist order alone would have been sufficient. As noted above, the parties to the contract had been observing and performing its terms and provisions for some twenty months when HPERB issued its order. The contract was due to expire within four months of the order and, we judicially note, the parties were even then in the process of negotiating a new contract for the ensuing two years.[11] None of the parties had taken any steps to stay enforcement or performance of the contract. Complainants never attacked the contract terms or provisions but only and singularly the ratification process. While that attack cast the validity of the contract in doubt, Complainants never joined the public employers as respondents or made any attempt to avoid the contract or its benefits. HPERB's order, as noted above, cast the legality of the contract and all actions in performance thereof in grave doubt.

HPERB could have vindicated Complainants' rights and given them full remedy by issuing *only* a cease and desist order against

---

[11] We also note that, during the writing of this opinion, the public employers and SHOPO successfully negotiated a contract for the period beginning July 1, 1985, which has been ratified by the police officers.

SHOPO. Such an order would have fully effectuated HPERB's power and authority, given Complainants' satisfaction, and at the same time preserved the stability of the contractual relations.

Instead HPERB's re-ratification order created a situation which was in fact disruptive of public employer-employee relations under the contract and was not in concert with the policy and goals of collective bargaining in public employment as proclaimed in HRS § 89-1 (1976).[12]

## HPERB'S DENIAL OF COMPLAINANTS' REQUEST FOR ATTORNEY'S FEES

Complainants contend that the circuit court erred in not reversing HPERB's denial of their requests for attorney's fees and costs. We disagree.

In their amended complaints filed on October 6, 1981, Complainants requested that HPERB award them attorney's fees and costs. However, they did not submit any evidence in support of their requests. On October 6, 1982, in the proposed findings of fact, conclusions of law and order, their requests were denied.

---

[12] HRS § 89-1 reads as follows:

Statement of findings and policy. The legislature finds that joint-decision making is the modern way of administering government. Where public employees have been granted the right to share in the decision-making process affecting wages and working conditions, they have become more responsive and better able to exchange ideas and information on operations with their administrators. Accordingly, *government is made more effective.* The legislature further finds that the enactment of positive legislation establishing guidelines for public employment relations is the best way to harness and direct the energies of public employees eager to have a voice in determining their conditions of work, *to provide a rational method for dealing with disputes* and work stoppages, and *to maintain a favorable political and social environment.*

The legislature declares that it is the public policy of the State *to promote harmonious and cooperative relations between government and its employees and to protect the public by assuring effective and orderly operations of government.* These policies are best effectuated by (1) recognizing the right of public employees to organize for the purpose of collective bargaining, (2) requiring the public employers to negotiate with and enter into written agreements with exclusive representatives on matters of wages, hours, and other terms and conditions of employment, while, at the same time, (3) maintaining merit principles and the principle of equal pay for equal work among state and county employees pursuant to sections 76-1, 76-2, 77-31, and 77-33, and (4) creating a public employment relations board to administer the provisions of this chapter. [Emphasis added.]

They did not file exceptions to the proposed order, although the proposed order and HRS § 91-11 (1976)[13] afforded them the right and opportunity to do so. HPERB finalized the denial of attorney's fees and costs in its decision of March 4, 1983, and this was upheld by the circuit court's order of October 12, 1983.

This jurisdiction follows the rule that attorney's fees are not recoverable unless authorized by statute, rule of court, stipulation, agreement, or Hawaiian precedent. *THC Financial Corp. v. LR&I Development One*, 65 Haw. 477, 653 P.2d 789, 790 (1982); *Cuerva & Associates v. Wong*, 1 Haw. App. 194, 199-201, 616 P.2d 1017, 1021 (1980). An exception has been carved from this rule, however, in cases where a union member, in an action against his union, has "rendered a substantial service to his union as an institution and to all of its members." *Salvador v. Popaa*, 56 Haw. 111, 112-13, 530 P.2d 7, 9-10 (1974);[14] *see also* 9 A.L.R.3d 1045 (1966). *Cf.* 2 S. Speiser, *Attorneys' Fees* §§ 14:46-:47 (1973). Complainants argue that because they successfully sued "to correct evils in union management," they are entitled to attorney's fees. However, we hold that, by failing to object to the denial of attorney's fees in HPERB's proposed order, Complainants have not preserved the question for appeal.

The general rule that an appellate court will consider only such questions as were raised and reserved in the lower court applies to judicial review of administrative determinations and precludes appellate consideration of questions or issues not raised in the administrative proceedings. *Waikiki Resort Hotel v. City and County of Hono-*

---

[13] HRS § 91-11 provides:

Examination of evidence by agency. Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.

[14] The supreme court has not decided "what kind of benefit to the union or its members would sustain fee shifting" under the exceptions. *Id.* at 113-14, 530 P.2d at 9-10.

*lulu,* 63 Haw. 222, 250, 624 P.2d 1353, 1372 (1981). That principle is based upon the demands of orderly procedure and the justice of holding a party to the results of his own conduct, where to do otherwise would surprise his opponent and deprive him of an opportunity to contest an issue in the administrative agency which by law is supposed to decide it. 2 Am. Jur. 2d *Administrative Law* § 724 (1962).

The concept underlying the rule is that a reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented to the agency and deprives the agency of an opportunity to consider the matter, make its ruling, and state the reasons for its action. That is substantially the law whether or not it is embodied in a statutory provision. K. Davis, *Administrative Law Text* § 20.06 (3d ed. 1972). This principle, reflecting the policy that a party must exhaust his administrative remedies before seeking judicial review, is even more compelling where, as in the instant case, the appellant was given an opportunity to object even *before* the final order was issued. We read HRS § 91-11 to be in furtherance of the rule by specifically granting a party adversely affected by a proposed decision the right to file exceptions and make argument to the agency. Here, Complainants did not file objections and did not seek a hearing and we will not consider the matter. *Waikiki Resort Hotel v. City and County of Honolulu, supra.* Moreover, as stated, the record indicates that Complainants did not present any evidence to HPERB upon which to base an award of attorney's fees and costs.

## CONCLUSION

The circuit court reversed HPERB's decision and remanded with instructions to HPERB to issue "an order consistent herewith." We infer that the court was instructing HPERB to dismiss the complaints. However, in view of SHOPO's admission of prohibited practices the complaints should not be dismissed. Rather, since, as we have noted above, HPERB's cease and desist orders were proper and sufficient, we remand this matter to the circuit court with direction that it set aside its reversal of the HPERB decision and, under HRS § 91-14(g), enter an order modifying HPERB's order by affirming that portion directing SHOPO to cease and

desist and deleting that portion in which SHOPO is ordered to establish the voting procedures for and to conduct a re-ratification election.

Remanded for further proceedings consistent with this opinion.

*Robyn U. Au* (*Valri Lei Kunimoto* with her on the briefs), for appellee-appellant HPERB.

*Jonathan L. Ortiz* (*Conklin, Schneider & Love* of counsel) for appellee-cross-appellee/appellee-cross-appellant SHOPO.

*David Schutter* (*Edward K. Harada* with him on the brief; *Schutter, Cayetano & Playdon* of counsel), for appellees-cross-appellants/appellants-cross-appellees Jerrold G. Brown, Boisse P. Correa, and those similarly situated.

*Charlotte J. Duarte,* Deputy Corporation Counsel, City and County of Honolulu, for appellants-appellees, George R. Ariyoshi, Herbert T. Matayoshi, Hannibal Tavares, Eileen R. Anderson and Tony Kunimura.