Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000166
16-FEB-2018
08:15 AM

NO. CAAP-15-0000166

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAII STATE TEACHERS ASSOCIATION,
Respondent-Appellant-Appellant, and
THE EDUCATIONAL LABORATORY: A HAWAII NEW CENTURY PUBLIC
CHARTER SCHOOL ("ULS") LOCAL SCHOOL BOARD ("LSB"),
Complainant-Appellee-Appellee and
HAWAII LABOR RELATIONS BOARD; JAMES B. NICHOLSON;
SESNITA A. D. MOEPONO; and ROCK B. LEY, (2011-010),
Agency-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0967-04)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Respondent/Union-Appellant-Appellant Hawaii State

Teachers Association (**HSTA**) appeals from the February 17, 2015

Judgment in favor of Agency-Appellees-Appellees Hawai'i Labor

Relations Board, James B. Nicholson, Sesnita A. D. Moepono, and

Rock B. Ley (collectively, **HLRB**), and Complainant/Employer-

Appellee-Appellee University Laboratory School (**ULS**),[1] and

against HSTA (**Judgment**), which was entered by the Circuit Court

_____

[1]     ULS is also known as The Education Laboratory: A Hawai'i New
Century Public Charter School Local School Board or the Local School Board of
the Education Laboratory Public Charter School.

of the First Circuit (**Circuit Court**).[2] HSTA also challenges: (1) the Circuit Court's February 17, 2015 Order Affirming Hawai'i Labor Relations Board's Decision No. 479 and Order No. 2948 in Board Case No. CU-05-305 (**Circuit Court Order**); (2) HLRB's March 19, 2014 Decision No. 479, Findings of Fact, Conclusions of Law, and Decision and Order in CU-05-305 (**Decision No. 479**); and (3) HLRB's November 6, 2013 preliminary ruling in CU-05-303, *i.e.*, Order No. 2948, Order Denying [HSTA's] Motion to Dismiss Complaint; Granting [ULS's] Motion to Stay Grievance/Arbitration Proceedings in HSTA Grievance #OC-11-23; Denying HSTA's Request to Schedule Hearing on Prohibited Practice Complaint; Granting in Part and Denying in Part [ULS's] Motion for Partial Summary Judgment on its Complaint; Denying HSTA's Motion to Stay Proceedings's until Review by Hawaii Supreme Court of Special Proceedings is Completed; Granting [ULS's] Motion to Strike Untimely Answer to Prohibited Practice Complaint Filed September 23, 2013; and Denying HSTA's Request to File Proposed Findings of Fact and Conclusions of Law with Brief Now Scheduled to be Filed on or by October 21, 2013 (**Order No. 2948**).

In this secondary appeal, HSTA raises five points of error, contending that the Circuit Court erred when it: (1) concluded that HSTA was not an aggrieved party entitled to bring an agency appeal pursuant to Hawaii Revised Statutes (HRS) § 91-14 (2012); (2) affirmed Decision No. 479 and Order No. 2948, although it determined that HSTA lacked standing to appeal and the Circuit Court thereby lacked jurisdiction to affirm Decision

---

[2]     The Honorable Rhonda A. Nishimura presided.

No. 479 and Order No. 2948; (3) affirmed Order No. 2948 because HLRB deviated from its rules and prior decisions in finding HSTA's Answer to be untimely and denying HSTA an evidentiary hearing; (4) affirmed Decision No. 479 because the Board erred by deciding matters that were within the jurisdiction of the Arbitrator; and (5) affirmed Decision No. 479 because the HLRB acted upon an unlawful procedure with respect to certain aspects of Decision No. 479.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve HSTA's points of error as follows:

On April 28, 2011, in CU-05-305, ULS filed an HLRB-4 Prohibited Practice Complaint (**Complaint**) against HSTA with HLRB. The proceedings in CU-05-305 culminated in the issuance of Decision No. 479. In Decision No. 479, in conjunction with and pursuant to various other findings and conclusions, some of which are disputed by HSTA, HLRB ruled in favor of HSTA, concluding: "For the reasons discussed above, the Board denies the Complaint in its entirety, and hereby dismisses the Complaint." At the conclusion of the proceedings on HSTA's appeal to the Circuit Court, in the February 17, 2015 Circuit Court Order, the court concluded:

> ·IT IS HEREBY ORDERED that the HLRB's Decision No. 479 and Order No. 2948 are AFFIRMED, <u>as the Court finds that the HSTA is not an aggrieved party</u>.

(Emphasis added).

"Whether the circuit court has jurisdiction to hear the plaintiffs' complaint presents a question of law, reviewable *de novo*. A plaintiff without standing is not entitled to invoke a court's jurisdiction. Thus, the issue of standing is reviewed *de novo* on appeal." Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 113 Hawai'i 77, 90, 148 P.3d 1179, 1192 (2006) (citation omitted; format altered).

HRS § 91-14(a) provides that "[a]ny person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review[.]" In order for HSTA to have standing to appeal the HLRB's Decision 479 and Order No. 2948, HSTA "must be aggrieved by the agency's decision and have been "involved in the administrative proceeding that culminated in the unfavorable decision." United Public Workers, Local 646, AFSCME, AFL-CIO v. Brown, 80 Hawai'i 376, 380, 910 P.2d 147, 151 (App. 1996) (citation and internal quotation marks omitted). As HSTA was involved in the administrative proceeding, we consider whether HSTA was aggrieved by the HLRB's final decision.

An "aggrieved party" is not defined in HRS Chapter 91. However, the supreme court noted that an "aggrieved party" is one "whose personal or property right has been injuriously or adversely affected by an agency's action." Life of the Land, Inc. v. Land Use Comm'n, 61 Haw. 3, 7, 594 P.2d 1079, 1082 (1979) (citation omitted). Furthermore, a "'person aggrieved' appears

4

to be essentially synonymous with someone who has suffered 'injury in fact.'" AlohaCare v. Ito, 126 Hawai'i 326, 342, 271 P.3d 621, 637 (2012) (quoting E & J Lounge Operating Co. v. Liquor Comm'n of the City & Cty. of Honolulu, 118 Hawai'i 320, 345 n.35, 189 P.3d 432, 457 n.35 (2008)). "Whether one has suffered an 'injury in fact' is determined under a three part test: (1) whether the person 'has suffered an actual or threatened injury as a result of the defendant's wrongful conduct,' (2) whether 'the injury is fairly traceable to the defendant's actions,' and (3) whether 'a favorable decision would likely provide relief for the person's injury.'" E & J Lounge Operating Co., 118 Hawai'i at 345 n.35, 189 P.3d at 457 n.35 (citation and brackets omitted).

In United Public Workers, Brown, a member of the bargaining unit, filed a prohibited practice complaint against UPW. United Pub. Workers, 80 Hawai'i at 378, 910 P.2d at 149. The HLRB determined that "although a breach of duty of fair representation did occur, [Brown] suffered no detriment which can be remedied by the [HLRB]. . . ." Id. at 379, 910 P.2d at 150 (brackets and ellipsis in original). On appeal, UPW argued that it had standing to appeal the HLRB's decision because it was aggrieved by the HLRB's determination that it breached its duty to fairly represent Brown. Id. at 380, 910 P.2d at 151. This court held that UPW failed to demonstrate that it suffered a concrete injury, and thus, was not an aggrieved party with standing to appeal to the circuit court. Id. at 381, 910 P.2d at 152.

5

Here, HSTA argues that it has suffered cognizable injuries in two ways. First, HSTA argues that it was aggrieved by procedural errors reflected in Order No. 2948, even though the claims against it were denied and the Complaint was dismissed, because it is possible that the HLRB might "misuse" its rules again in the future. This argument is without merit, as the possibility of injury is insufficient to constitute a concrete injury. See United Pub. Workers, 80 Hawai'i at 380-81, 910 P.2d at 151-52.

HSTA also argues that it could have been injured by the HLRB's erroneous factual findings if the arbitrator in the related arbitration proceedings had given those findings preclusive effect. Again, this argument is without merit, as the possibility of injury is insufficient to constitute a concrete injury. See id. Moreover, it is undisputed that the arbitrator in those related proceedings preliminarily and finally concluded that no preclusive effect would be given to the HLRB's findings, thus rendering this issue moot. Thus, even if this issue was properly before the Circuit Court, it is now moot and no longer justiciable. See Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008).

Nevertheless, as argued by HSTA, once the Circuit Court concluded that HSTA did not have standing to bring an appeal under HRS § 91-14, it no longer had subject matter jurisdiction to determine the merits of HSTA's appeal. See, e.g., Hamilton, 119 Hawai'i at 5, 193 P.3d at 843. Therefore, we conclude that

the Circuit Court erred in affirming the HLRB's rulings, rather than dismissing HSTA's appeal.

For these reasons, we vacate the Circuit Court Order and Judgment affirming of HLRB's Decision No. 479 and Order No. 2948 and remand with instructions to dismiss HSTA's appeal for lack of jurisdiction. See Corboy v. Louie, 128 Hawai'i 89, 91, 283 P.3d 695, 697 (2011).

DATED: Honolulu, Hawai'i, February 16, 2018.

On the briefs:

Herbert R. Takahashi,
Rebecca L. Covert,
(Takahashi and Covert),
for Respondent-Appellant-
 Appellant.

James E. Halvorson,
Richard H. Thomason,
Deputy Attorneys General,
for Complainant-Appellee-
 Appellee.

Sarah Hirakami,
Linda K. Goto,
Hawai'i Labor Relations Board,
for Agency-Appellees-
 Appellees.

Presiding Judge

Associate Judge

Associate Judge