KUKUI NUTS OF HAWAII, INC., Plaintiff-Appellant, *v.* R. BAIRD & CO., INC.; BLAIR, LTD.; DESIGN CREATIONS, INC.; ALLAN CHING aka ALLEN CHING; MNS, LTD. dba ABC STORES; ARAKAWAS OF WAIPAHU, LTD.; WALTAH CLARKE HAWAIIAN SHOPS, INC.; N. KAMURI, LTD. dba RITZ DEPARTMENT STORES; WDC VENTURE, a Hawaii general partnership, dba INTERNATIONAL MARKET PLACE and HARRY NEWHART; ISLAND CAMERA & GIFT SHOPS, INC.; POMARE, LTD.; ALIE A. HUSSEIN dba ALI BABA IMPORTS; BUSTER J. WEBB dba PAUL'S IMPORTS; BETTY WONG dba BETTY'S IMPORT & EXPORT; PONG LAI CORAL DEVELOPMENT, CO., LTD.; F. W. WOOLWORTH CO., INC., a New York corporation doing business in the State of Hawaii; WATUMULL BROTHERS, LTD., a Hawaii corporation; MR. SU HYOUNG YI dba H. S. JEWELRY aka S. M. JEWELRY dba Cart 22 & Cart 15; MRS. YOUNG JA CHUNG dba J. & J. GIFT SHOP dba Cart 147; MRS. JUNG JIN YOON dba YOON'S GIFTS dba Cart 207; MR. WEN HO CHANG and MR. DAN HSIN CHANG dba MOO JUNG & COMPANY aka MY JEWELRY dba Cart 412; MR. BONG NAE & MS. THERESA OH dba GEMMA GIFT SHOP dba Cart 570; MR. YONG BAE & MRS. KAE SUK KIM dba ALOHA GIFT SHOP I, II & III dba Cart 909, 940 & 985; MR. FRANK NOH dba F. M. GIFT SHOP dba Cart 983; MS. LINA YOUNSUK MUN dba SUE'S JEWELRY AND GIFT SHOP dba Cart 60; MRS. YANG SOON PAK dba HIBISCUS VILLAGE-A aka BEE'S GIFT SHOP; MR. HWA TAEK PARK aka MICHAEL dba PARKOH II & IV; MRS. MYUNG WON TAPANG and MS. SUNG JA LEE dba HELEN'S GIFT SHOP I, II, III, & IV; MR. YUEN PUY CAM dba GOLD CART; MS. JUNE SHINN dba MOONLITE SHOP aka MOON-LIGHT SHOP; MS. KYONG HUI KIM & MR. HAENG I KIM dba BEE'S GIFT SHOP aka NAHENAHE; MRS. YOUNG HEE LEE dba HAWAIIAN PANORAMA; MRS. LORRAINE JHUN dba RAINBOW GIFT SHOP dba Cart 81; MS. JUNG JA KOO dba Cart 100; MS. JEANIE PARK dba HULA GIFT CART dba Cart 149; MRS. JONG HWAN KIM dba SUSAN'S dba Cart 937; MR. JOSEPH SANG KUK PAK dba JONG'S GIFT SHOP dba Cart 970; MRS. KE SOON PARK dba GOLD CABIN; MRS. POK HUI WILDRICK aka POKI dba ALOHA THINGS; MS. ELLIE

YANG & MS. IL HAWAN YANG dba JANE'S GIFT SHOP, Defendants-Appellees

AND

JOHN DOES 13-20; JANE DOES 19-20; DOE CORPORATIONS 4-30; DOE NONPROFIT CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; and DOE UNINCORPORATED ASSOCIATIONS 1-20, Defendants

AND

BLAIR, LTD., Defendant and Third-Party Plaintiff-Appellee, v. ALIE A. HUSSEIN dba ALI BABA IMPORTS, and dba ALI BABA IMPORT, and dba ALI BABA IMPORT & EXPORT; BETTY WONG dba BETTY'S IMPORT & EXPORT; BETTY'S IMPORT & ASSOCIATES, INC.; BUSTER J. WEBB dba PAUL'S IMPORTS; and PONG LAI CORAL DEVELOPMENT, CO., LTD., a Hawaii corporation, Third-Party Defendants-Appellees

NO. 11110

(CIVIL NO. 84-0632)

SEPTEMBER 26, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Plaintiff-Appellant, Kukui Nuts of Hawaii, Inc. (Plaintiff), appeals from the judgments awarding attorney's fees to Defendants-Appellees, Blair, Ltd. (Blair) and R. Baird & Co., Inc. (Baird) (where appropriate, Blair and Baird will hereinafter be collectively referred to as Defendants), entered on November 25, 1985, and December 2, 1985, respectively.[1] We reverse.

## FACTS

Plaintiff was in the business of manufacturing and selling "Hawaiian" kukui nut[2] leis and jewelry made in Hawaii. In May 1984, Plaintiff filed for reorganization under chapter 11 of the Bankruptcy Code.[3]

---

[1] The judgments are appealable as collateral orders. *Harada v. Ellis*, 60 Haw. 467, 591 P.2d 1060 (1979). All parties are Hawaii corporations.

[2] The nut of the candle nut tree, formerly used to provide oil for lights. *See* M. Pukui and S. Elbert, *Hawaiian Dictionary* (1986).

[3] 11 U.S.C.S. §§ 1101 *et seq.* (Law Co-op. 1979 and Supp. 1986).

On September 13, 1984, Plaintiff filed a complaint and motion for preliminary injunction against Defendants and numerous other business establishments and individuals,[4] alleging that the defendants had injured its reputation and its business of selling "authentic" "Hawaiian" kukui nut leis, by distributing and selling leis that were not made from "Hawaiian" kukui nuts but from other nuts not grown or prepared for sale in Hawaii. Plaintiff specifically alleged 21 causes of action, ranging from negligence to copyright infringement.

Up to the time of the judgments appealed from, the trial court had levied against Plaintiff numerous sanctions for attorney's fees and costs totalling approximately $12,000.00 for "discovery abuses."[5]

On May 16, 1985, Plaintiff filed a Rule 54(b), Hawaii Rules of Civil Procedure (HRCP) (1981), motion seeking to have those sanction orders and other orders and/or judgments finalized for appeal purposes.[6] At the May 31, 1985 hearing on the motion the trial court heard

---

[4]The other businesses and individuals named in the complaint were: DESIGN CREATIONS, INC.; MNS, LTD. dba ABC STORES; ARAKAWAS OF WAIPAHU, LTD.; WALTAH CLARKE'S HAWAIIAN SHOPS, INC.; N. KAMURI, LTD. dba RITZ DEPARTMENT STORES; ISLAND CAMERA & GIFT SHOPS, INC.; and POMARE, LTD.; WDC VENTURE dba INTERNATIONAL MARKET PLACE; ALLAN CHING aka ALLEN CHING and HARRY NEWHART.

[5]February 11, 1985  Order Awarding Sanctions and Granting Motion For Award of Attorney's Fees and Costs in Favor of Blair, Ltd.
February 21, 1985  Order Granting Motion for Attorney's Fees and Costs and Judgment in Favor of R. Baird and Co.
February 22, 1985  Order Granting Defendant Design Creations, Inc.'s Motion for An Award of Attorney's Fees and Costs and Judgment
February 22, 1985  Judgment in Favor of Blair, Ltd.

[6]Plaintiff sought Rule 54(b), Hawaii Rules of Civil Procedure (1981) certification on the following orders and judgments:
    1. Order Denying Plaintiff's Motion for Reconsideration filed February 5, 1985 (relates to Order Compelling Discovery Upon Plaintiff; Exhibit "A" filed December 17, 1984 at 8:13 a.m. attached as Exhibit "B");
    2. Order Denying Motion to Reconsider Order Excluding Testimony of Plaintiff's Witnesses at Hearing on Motions for Preliminary Injunction and to Reconsider Order Denying Motion for Preliminary Injunction and Motion for Supplemental Preliminary Injunction filed February 21, 1985;
    3. Order Granting Motion for Attorney's Fees and Costs and Judgment filed February 21, 1985 (in favor of R. Baird & Co.);
    4. Order Granting Defendant Design Creations, Inc.'s Motion for an Award of Attorney's Fees and Costs; Judgment filed February 22, 1985;
    5. Order Awarding Sanctions and Granting Motion for Award of Attorney's Fees and Costs in Favor of Blair, Ltd. and Judgment filed February 11, 1985 (a copy was

 

argument from counsel, and an oral motion by defendant Ritz Department Stores for an award of attorney's fees and costs incurred in opposing Plaintiff's Rule 54(b) motion.

On June 17, 1985, the trial court filed a written order denying Plaintiff's motion, holding that there was a total lack of justification for the Rule 54(b) certification. The order further stated that:

2. In accordance with Section 603-21.9(6), Hawaii Revised Statutes, and to promote justice in the matters pending before the Court, the motions by the respective opposing parties for an award of their reasonable attorneys' fees and costs incurred in connection with opposing plaintiff's said motion for 54(b) certification, be and hereby are GRANTED. Said award of reasonable attorneys' fees in favor of each of the respective opposing parties shall not exceed $150.00 apiece, and shall be proven by affidavit submitted by the respective attorneys for each of the opposing parties setting forth the hours worked, description of the work performed, hourly billing rates and description and amount of costs incurred.

Pursuant to the order, Defendants Blair and Baird filed motions to enter judgments in their favor for attorney's fees in the amount of $150 each. The motions were granted and the judgments entered on November 25, 1985, and December 2, 1985, respectively. Plaintiff filed its notice of appeal from those two judgments on December 26, 1985.[7]

I.

The dispositive issue in this appeal is whether the trial court abused its discretion in imposing the sanction of awarding attorney's fees to

---

never forwarded to counsel for Plaintiff);

6. Judgment (in favor of Blair, Ltd. apparently) filed February 22, 1985 (a copy was never forwarded to counsel for Plaintiff);

7. Order Denying Plaintiff's Motion for Reconsideration of Orders Granting Motions for Summary Judgment in Favor of N. Kamuri, Ltd., Arakawas of Waipahu and Pomare, Ltd. filed March 5, 1985;

8. Order Granting Motion for Summary Judgment in favor of F. W. Woolworth yet to be filed;

9. Order Granting Motion for Summary Judgment in favor of Frank Noh yet to be filed.

[7]Blair, Ltd., did not file an answering brief.

Defendants. Plaintiff argues that there is no legal basis for the trial court's order awarding attorney's fees.

### A.

The general rule in this jurisdiction is that attorney's fees and costs may not be awarded absent statute, agreement, stipulation, or precedent authorizing the allowance thereof. *Wohlschlegel v. Uhlmann-Kihei, Inc.,* 4 Haw. App. 123, 135, 662 P.2d 505, 513 (1983); *Smothers v. Renander,* 2 Haw. App. 400, 633 P.2d 556 (1981); *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 616 P.2d 1017 (1980). The applicable standard of review for the reasonableness of an allowance or award of attorney's fees and costs where authorized is abuse of discretion. *Booker v. Midpac Lumber Co., Ltd.,* 65 Haw. 166, 171, 649 P.2d 376, 380 (1982). "In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered." *Ariyoshi v. HPERB,* 5 Haw. App. 533, 542, 704 P.2d 917, 925 (1985), citing *Berry v. Chaplin,* 74 Cal. App. 2d 669, 169 P.2d 453, 456 (1946).

Although the trial court possesses inherent power to do those things necessary for the proper administration of justice, *Barks v. White,* 365 N.W.2d 640 (Iowa App. 1985); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100A S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Jacuzzi v. Jacuzzi Bros., Inc.,* 243 Cal. App. 2d 1, 52 Cal. Rptr. 147 (1966), including the power to issue contempt sanctions, *Cooke v. United States,* 267 U.S. 517, 539, 45 S.Ct. 390, 395, 69 L.Ed. 767, 775 (1925), impose sanctions for discovery abuses, *Barks v. White, supra,* and assess attorney's fees for abusive litigation practices, *Roadway Express, Inc. v. Piper, supra,* "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper,* 447 U.S. at 764, 100A S.Ct. at 2463, 65 L.Ed.2d at 500.

In *Roadway Express, Inc., supra,* the supreme court stated that a finding that counsel's conduct "constituted or was tantamount to bad faith" was a necesssary precedent to any sanction of attorney's fees under the court's inherent powers. *Id.* 447 U.S. at 767, 100A S.Ct. at 2465, 65 L.Ed. at 502. We adopt the bad faith requirement set forth in *Roadway* as a limitation on the trial courts' inherent powers to impose sanctions of attorney's fees for abusive litigation practices, and we will

 

review the lower court's action for abuse of discretion in light of that limitation.

### B.

The parties have not cited us to any authority for or against a court's authority to impose sanctions for bringing a Rule 54(b) motion. The imposition of sanctions against a party for abusive actions during discovery proceedings is authorized by Rule 37, HRCP (1981). However, the trial court's exercise of that authority is subject to review for abuse of discretion. *Harada v. Ellis,* 60 Haw. 467, 591 P.2d 1060 (1979); *Lothspeich v. Fong,* 6 Haw. App. ___, 711 P.2d 1310 (1985).

In the instant case, the trial court relied on Hawaii Revised Statutes (HRS) § 603-21.9(6) (1976) for the award of attorney's fees.[8] HRS § 603-21.9(6) provides in pertinent part:

Powers.   The several circuit courts shall have power:

\*   \*   \*

(6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such

---

[8]Defendants also cite in their answering brief Hawaii Revised Statutes (HRS) § 607-14.5 (Supp. 1984) as an additional ground for the award of attorney's fees. HRS § 607-14.5 provides that:

(a) In any civil action in this State where a party seeks money, damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees, in an amount to be determined by the court upon a specific finding that the party's claim was completely frivolous; provided the amount shall not exceed twenty-five per cent of any amount originally prayed for by the party assessed.

(b) In determining the award of attorneys' fees and the amounts to be awarded, the court must find in writing that all claims made by the party are completely frivolous and are totally unsupported by the facts and the law in the civil action.

However, the trial court here merely concluded that there was a "total absence of the finding necessary for the designation of final and appealable judgments" pursuant to Rule 54(b). The court did not make a specific finding as required in HRS § 607-14.5(b) that the claims were "completely frivolous" and "totally unsupported by the facts and the law in the civil action." Defendants' reliance on the statute is misplaced. We cannot from the record supply the finding for the lower court. Moreover, attorney's fees are not to be awarded under the statute until the case is decided. Here, the case is not decided.

other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

In our view, HRS § 603-21.9(6) is merely a legislative restatement of the inherent powers doctrine, and the exercise of the powers set forth there is subject to the abuse of discretion standard of review. There is nothing in the sanction order or in the record to indicate bad faith by Plaintiff's counsel in bringing the Rule 54(b) motion. *Roadway Express, Inc., supra.* The lower court's reliance on HRS § 603-21.9(6) is couched in language too general in nature to constitute the requisite finding. We conclude, therefore, that the lower court abused its discretion in awarding attorney's fees and entering the judgments appealed from.

We reject Defendants' argument that the lower court imposed the sanctions on account of previous discovery misconduct by Plaintiff. There is nothing in the record to intimate that that was the reason for the lower court's actions, and the argument is little more than conjecture. Moreover, the lower court had already imposed sanctions against Plaintiff for that alleged misconduct and we cannot say that it intended to impose additional sanctions.

II.

Plaintiff also argues that it was unconstitutional and a violation of due process of law to award attorney's fees in these circumstances. In view of our holding that the award of attorney's fees was an abuse of discretion, it is not necessary to discuss that argument.

Reversed.

*William H. Lawson* for plaintiff-appellant Kukui Nuts of Hawaii, Inc.

*Michiro Iwanaga* (*Barry M. Kurren* with him on the brief; *Burke, Sakai, McPheeters, Bordner & Gilardy* of counsel) for defendant-appellee R. Baird & Co., Inc.