**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000528
29-JUN-2020
08:02 AM**

NO. CAAP-17-0000528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TRICIA MORRIS, Plaintiff-Appellant,
v.
THOMAS SEIDL, Defendant-Appellee

_____

BRUCE H. ERFER and LYNN N. ERFER,
Creditors-Intervenors-Appellees


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CIVIL NO. 16-1-1708)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

This appeal arises from an award of attorneys' fees and costs in favor of Defendant-Appellee Thomas Seidl (**Seidl**) and against Plaintiff-Appellant Tricia Morris (**Morris**) in this action alleging unpaid rent and seeking summary possession.  Morris appeals from a "Judgment" entered on June 1, 2017, pursuant to, *inter alia*, the "Findings of Facts, Conclusions of Laws, and Order Granting Defendants' [sic] Motion for Attorneys' Fees and Costs" (**Fees and Costs Order**) entered on May 8, 2017, by the District Court of the Second Circuit (**District Court**).[1]  The Judgment awarded $18,024.88 in attorneys' fees and $726.13 in costs to Seidl from Morris.

_____

[1]  The Honorable Adrianne N. Heely presided.

Morris contends on appeal that: (1) the District Court erred in awarding attorneys' fees to Seidl under Hawaii Revised Statutes (**HRS**) § 607-14.5 (2016) because the case was not decided on the merits and her claims in this case were not frivolous or made in bad faith; (2) the District Court erred in not limiting its award of attorneys' fees to twenty-five percent of the judgment under HRS § 607-14 (2016); and (3) the District Court erred in applying HRS § 521-35 (2018) in its Fees and Costs Order because the rental agreement did not contain a provision allowing for an award of attorneys' fees.[2]

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant legal authority, we resolve Morris's points of error as follows, and we affirm.

**I.    The District Court did not err in awarding Seidl attorneys' fees and costs under HRS § 607-14.5**

Morris contends that the District Court erred in awarding Seidl attorneys' fees and costs under HRS § 607-14.5 because the case was dismissed, not decided on the merits, and her claims were not frivolous.

The Fees and Costs Order was explicitly granted pursuant to, *inter alia*, HRS § 607-14.5.[3] HRS § 607-14.5 provides, in relevant part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion

---

[2]  Morris does not provide argument as to some of her asserted points of error, and therefore we only address those points that are argued.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").  We further note that many of the factual statements asserted in Morris's opening brief are not supported by record references, as required by HRAP Rule 28(b)(3).  Morris's counsel, Anthony Ranken, is cautioned to provide appropriate record references in support of asserted facts.

[3]  The Fees and Costs Order was granted pursuant to HRS §§ 607-14.5 and 607-9, and Hawaiʻi District Court Rules of Civil Procedure Rules 41 and 54(d).

> of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. . . .

(Emphases added).

We first note that HRS § 607-14.5 does not require a case to be decided on the merits, either by trial or by summary judgment, before a court may award attorneys' fees as Morris contends. The plain language of HRS § 607-14.5 only requires that a case be "subsequently decided," and authorizes the award of attorneys' fees "against either party, whether or not the party was a prevailing party[.]" Here, the District Court "decided" this case when it entered its "Order Granting Defendant Thomas Seidl's Motion to Dismiss Amended Complaint" (**Dismissal Order**) on March 3, 2017, which, *inter alia*, dismissed Morris's claims in her Amended Complaint with prejudice. The fact that the case did not proceed to trial or was not decided by way of summary judgment did not preclude the District Court from awarding attorneys' fees under HRS § 607-14.5.[4]

We further conclude that the District Court did not clearly err in finding that Morris's claims were frivolous and made in bad faith.[5]

"Pursuant to HRS § 607-14.5(a) and (b), to award attorney's fees for a frivolous claim, the court must make a

---

[4] Morris relies on Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., Inc., 6 Haw. App. 431, 726 P.2d 268 (1986), in support of her contention that a case must be decided on its merits before a court may award attorneys' fees under HRS § 607-14.5. However, Kukui Nuts of Hawaii, Inc. is distinguishable because that case involved an appeal from judgments awarding attorneys' fees that were entered prior to resolution of the claims in that case. Id. at 437 n.8, 726 P.2d at 272 n.8.

[5] A trial court's conclusion as to whether a claim was made in bad faith and thus frivolous under HRS § 607-14.5 presents mixed questions of fact and law. Coll v. McCarthy, 72 Haw. 20, 28, 804 P.2d 881, 886 (1991). "Where the court's conclusions are dependent upon the facts and circumstances of each individual case, the clearly erroneous standard of review applies." Id. (citations omitted). The appellate courts review a lower court's award of attorneys' fees for abuse of discretion. In re Trust Agreement Dated June 6, 1974, 145 Hawaiʻi 300, 309, 452 P.3d 297, 306 (2019).

specific finding in writing that all or a portion of the claims made by the party are frivolous and are not reasonably supported by the facts and law in the civil action."  Tagupa v. VIPDesk, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015) (internal quotation marks and ellipses omitted).  "A frivolous claim is a 'claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  Id. (internal brackets omitted) (quoting Coll, 72 Haw. at 29, 804 P.2d at 887).  "A finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith."  Id. (citing Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999)).

In its Fees and Costs Order, the District Court made a number of findings of facts (**FOF**) and conclusions of law (**COL**) pertaining to its award to Seidl, including the following:

> 40.    On the date of the filing of [Morris's] complaint and amended complaint, Defendant Seidl was a month to month tenant, pursuant to H.R.S. §521-22, and was required to receive a 45 day notice.
>
> 41.    [Morris], had no right or basis for seeking summary possession, her claim that she was entitled to September and October rent from Mr. Siedl [sic], as well as her claim that she was entitled to possession pursuant to a 45 day notice, which was never given to Tenant, until after the filing of the Amended complaint, was frivolous, made in bad faith, without merit, and arguably to circumvent the July 26, 2016 Garnishee Summons Order to the Tenants of 598 Kumulani Drive, which was served upon Mr. Seidl prior to [Morris] filing the instant suit.
>
> 42.    This court finds that the 25 percent cap is not applicable, not only because the claims by Ms. Morris were made in bad faith, and initially in the nature of assumpsit, rent claims, and amended to monetary and non-monetary/possession claims which were subsequently ordered to be withdrawn by the Receiver, not only confusing to Mr. Seidl, but prejudiced him into defending a suit, and incurring actual legal fees and costs.
>
> 43.    [Morris's] claims, including the amended complaint, are manifestly and palpably without merit, so as to indicate bad faith.

(Emphases added) (citation, internal quotation mark, and footnotes omitted).

Morris contends the District Court erred in finding and concluding that her claims in this case were frivolous and made in bad faith as contemplated under HRS § 607-14.5.  We conclude that the District Court made sufficient findings in writing, which are supported by the record in this case, to support the award for attorneys' fees and costs to Seidl under HRS § 607-14.5.

Morris's complaint, filed on September 16, 2016, alleged that there was an expired written rental agreement for the subject property which was broken by Seidl due to his failure to pay rent as of September 5, 2016, that Seidl owed $2,050, and that Seidl was served with a written 5-day notice of non-payment on September 8, 2016.[6]  The complaint also indicates that Seidl was a month-to-month tenant.

On September 30, 2016, Bruce H. Erfer and Lynn N. Erfer (**the Erfers**) moved to intervene in this case.  In their motion, the Erfers asserted an interest in the rental income of the subject property pursuant to a judgment entered on March 20, 2014, in a separate unrelated action (**Erfer Lawsuit**) in the Circuit Court of the Second Circuit (**Circuit Court**).[7]  Attached to the Erfers' motion to intervene is a "Garnishee Summons and Order" (**Garnishee Summons Order**) in the Erfer Lawsuit dated July 26, 2016, which the record reflects was served on Seidl on September 9, 2016.  Thus, the record shows that Seidl was served with the Garnishee Summons Order in the Erfer Lawsuit seven days before Morris filed the Complaint in this case on September 16, 2016.  The Garnishee Summons Order directs the garnishees, designated as tenants of the subject property, to disclose to the Circuit Court whether Morris was in receipt of, *inter alia*, their rental income, and further ordered the garnishees to hold and secure any money from the time of service of the Garnishee

---

[6]  The complaint alleges that the written rental agreement was broken because of unpaid rent in the amount of "$1875 + $75 GET" and a late fee in the amount of $100.

[7]  The Honorable Peter T. Cahill presided over the Circuit Court proceedings.

Summons Order until further ordered by the court.  At the October 3, 2016 return hearing in this case, the Erfers asserted that Morris had a "modus operandi of getting people that we garnish out of the property and replace them with people that have not been served [with the Garnishee Summons Order] yet."

In its Fees and Costs Order, the District Court concluded that Morris's claims were made "arguably to circumvent the July 26, 2016 Garnishee Summons Order to the Tenants of 598 Kumulani Drive, which was served upon Mr. Seidl prior to [Morris] filing the instant suit." (Footnote omitted).  The record confirms that Seidl was served with the Garnishee Summons Order prior to Morris filing her complaint.  Further, in her opening brief, Morris acknowledges that Seidl informed her that he was served with the Garnishee Summons Order before she filed her Complaint in this case.  The record in this case, including that Morris initiated this action against Seidl on the basis of his failure to pay rent despite already knowing that Seidl was precluded from paying her rent under the Garnishee Summons Order, supports the District Court's finding that Morris's claims were without merit and made in bad faith.  Cf. Coll, 72 Haw. at 30, 804 P.2d at 888 (holding that Plaintiff's knowledge at the time of the filing of his complaint that his allegation in his complaint was false is a clear indication of bad faith).

Morris filed an Amended Complaint on October 3, 2016, in which she alleged that as of October 3, 2016, Seidl owed her $4,000 for rent unpaid in September and October.  The District Court found, and the record supports the finding, that the Amended Complaint likewise had no merit and was brought in bad faith.  In this regard, notwithstanding that the Garnishee Summons Order had been served on Seidl in September, the Amended Complaint continued to assert that Seidl owed rent to Morris for both September and October.  The Amended Complaint further states written notice was given to Seidl on September 8, 2016 and June 15, 2016, "to correct this situation as follows: . . . 45-day termination of month-to-month tenancy[.]"  However, the District

Court specifically found, and Morris does not challenge the finding, that a 45 day notice was not given to Seidl until after the filing of the Amended Complaint.

Based on the foregoing, the District Court did not clearly err in its findings, including that Morris's claims were "manifestly and palpably without merit, so as to indicate bad faith."  Thus, the District Court did not err in awarding Seidl attorneys' fees and costs under HRS § 607-14.5.

**II.  Morris's remaining points of error**

In light of our holding that the District Court did not err in awarding Seidl attorneys' fees and costs under HRS § 607-14.5, we need not reach Morris's other points of error asserting that attorneys' fees were not appropriate under HRS §§ 607-14 and 521-35.

**III. Conclusion**

Based on the foregoing, the Judgment entered on June 1, 2017, and the "Findings of Facts, Conclusions of Laws, and Order Granting Defendants' Motion for Attorneys' Fees and Costs," entered on May 8, 2017, by the District Court of the Second Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 29, 2020.


On the briefs:

Anthony L. Ranken,
for Plaintiff-Appellant.

Calvert G. Chipchase,
Amanda M. Jones,
Kirk M. Neste,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge