NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000347
07-AUG-2020
07:51 AM

NO. CAAP-18-0000347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ARBITRATION BETWEEN

UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellant,

and

CITY AND COUNTY OF HONOLULU, DEPT. OF HUMAN
RESOURCES (ROUTE SELECTION) BM-12-02 (2014-022),
Employer-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 17-1-0123)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Wadsworth, JJ.)

Union-Appellant United Public Workers, AFSCME, Local 646, AFL-CIO (**UPW**) appeals from the April 17, 2018 Final Judgment (**Final Judgment**), entered in favor of Employer-Appellee City and County of Honolulu (**the City**), by the Circuit Court of the First Circuit (**Circuit Court**).[1]  UPW also challenges the Circuit

---

[1]    The Honorable Jeffrey P. Crabtree presided.

Court's April 17, 2018 Order Denying Motion for Civil Contempt Citation Mandate for Payment of Monetary Judgment, and for Other Appropriate Relief (**Order Denying Contempt Motion**).

UPW raises four points of error on appeal, contending that the Circuit Court erred by: (1) refusing to give final and binding effect to the September 1, 2017 First Amended Decision that was entered in the underlying arbitration proceeding (**First Amended Decision**), modifying the deadlines set by the arbitrator, and collaterally attacking its own November 13, 2017 Amended Judgment confirming the First Amended Decision (**Amended Judgment**); (2) denying UPW's November 24, 2017 request for a civil contempt remedy; (3) denying UPW's request for mandamus against the City to comply with the non-monetary aspects of the Amended Judgment; and (4) denying UPW's November 24, 2017 request for attorneys' fees and costs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve UPW's points of error as follows:

(1) UPW argues that the Circuit Court collaterally attacked the First Amended Decision and the Amended Judgment by giving the City until January 16, 2018, to demonstrate compliance with the terms of the First Amended Decision. The First Amended Decision ordered the City to make certain payments and take other

2

actions within specified periods of time. It is undisputed that the City did not comply with those deadlines.

A collateral attack is defined as "an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting or modifying such judgment or decree." Kim v. Reilly, 105 Hawaiʻi 93, 96, 94 P.3d 648, 651 (2004) (citation omitted). As we explained in Smallwood v. City & County of Honolulu:

> The word collateral, in this connection, is always used as the antithesis of direct, and it is therefore wide enough to embrace any independent proceeding. To constitute a *direct* attack upon a judgment, it is said, it is necessary that a proceeding be instituted for that very purpose. . . . But if that action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral and falls within the rule. A direct attack on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law. A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law.

118 Hawaiʻi 139, 147–48, 185 P.3d 887, 895–96 (App. 2008) (citation omitted).

UPW relies on Kim, 105 Hawaiʻi at 96-97, 94 P.3d at 651-52, wherein a defendant challenged an underlying judgment, arguing the amount of the award should be reduced pursuant to statute, in response to the plaintiff's motion to enforce. The supreme court held that the defendant's challenge constituted an improper collateral attack, because the defendant failed to raise the statute during the arbitration, challenge the confirmation, or file an appeal. Id. at 96, 94 P.3d at 651. This case is

3

distinguishable from Kim, because here, in response to UPW's contempt motion, which had the stated goal of enforcing the First Amended Decision, the City did not challenge the First Amended Decision; and, in denying the motion, the Circuit Court did not modify either the First Amended Decision or its judgment confirming it.  The City argued that it intended to comply with the First Amended Decision, but that it was delayed by "processing the funding requisitions, obtaining funding authorizations, and actual 'cutting' of the checks."  We cannot conclude that the City's failure to fully comply with the First Amended Decision constitutes a collateral attack on the First Amended Decision.  Likewise, the Circuit Court's Amended Judgment confirmed the First Amended Decision, and awarded additional attorneys' fees, costs and interest against the City.  In denying the contempt motion and fashioning other enforcement mechanisms, the Circuit Court did not collaterally attack the First Amended Decision or the Amended Judgment.  The January 16, 2018 deadline was set to ensure the City's compliance with the Circuit Court's order that the City fully comply with the payments and actions set forth in the First Amended Decision.  We conclude that, under the circumstances here, the collateral attack doctrine does not apply.  Accordingly, the first point of error is without merit.

(2)  UPW argues that the Circuit Court erred by not holding the City in contempt for failing to comply with certain remedial terms of the First Amended Decision, which was confirmed

in the Amended Judgment. The power to hold a party in contempt is an inherent power of the court to do what is necessary to carry out justice. LeMay v. Leander, 92 Hawaiʻi 614, 621, 994 P.2d 546, 553 (2000) (citing Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., Inc., 6 Haw. App. 431, 436, 726 P.2d 268, 271 (1986)). Whether a party is in civil contempt is reviewed for an abuse of discretion. Id. at 620, 994 P.2d at 552.

The moving party in a civil contempt action must establish: "(1) the order with which the contemnor failed to comply is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id. at 625, 994 P.2d at 557 (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). The movant is "required to establish all three factors[.]" Maui Muscle Sports Club Kahana, LLC v. Ass'n of Apartment Owners of Valley Isle Resort, CAAP-13-0000452, 2014 WL 3671565, *11 (Haw. App. July 23, 2014) (mem. op.). These factors must be proven by clear and convincing evidence. LeMay, 92 Hawaiʻi at 624-25, 994 P.2d at 556-57 (citation omitted).

The Circuit Court denied the motion for contempt because it found that its language in the Amended Judgment ordering the City to comply with the terms of the First Amended Decision "forthwith" was ambiguous. UPW points to the plain language meaning of forthwith. Black's Law Dictionary defines "forthwith" as: "1. Immediately; without delay. 2. Directly;

promptly; within a reasonable time under the circumstances." Black's Law Dictionary 725 (9th ed. 2009). While it is clear that "forthwith" requires prompt action, the Circuit Court interpreted the use of the word in its own judgment as lacking sufficient clarity to warrant a finding of contempt.

Whether an action can be considered done forthwith may depend on the circumstances. In ruling on the contempt motion, the Circuit Court referred to Hawaii Revised Statutes (**HRS**) § 651-34, the execution statute, to establish a deadline for compliance with the Amended Judgment. This was not an abuse of discretion, particularly given that UPW's contempt motion referred to a writ of execution, and UPW explained that it was also requesting mandamus relief because execution on the monetary portion of the Amended Judgment (namely the attorneys' fees owed to UPW) was not an available remedy against the City.

UPW posits that the Circuit Court should have enforced the deadlines established in the First Amended Decision. However, these deadlines had already passed. Moreover, under Hawaii's contempt jurisprudence, the meaning of the order alleged to have been violated must be ascertained from the four corners of the order itself. "[T]o hold a party in civil contempt, there must be a court decree that sets forth in specific detail an unequivocal command that the contemnor violated, and the contemnor must be able to ascertain from the four corners of the order precisely what acts are forbidden." LeMay, 92 Hawaiʻi at

6

625, 994 P.2d at 557 (citation and internal quotation marks omitted).

Even if we were to conclude that the Circuit Court's order effectively extending the deadline for compliance with the First Amended Decision was an abuse of discretion, any such error was harmless where the purpose of the contempt motion was fulfilled. A civil contempt proceeding is intended to provide a remedy for one of the parties. Hawaii Pub. Emp't Relations Bd. v. United Pub. Workers, Local 646, 66 Haw. 461, 479, 667 P.2d 783, 795 (1983). In contrast to criminal contempt, which is intended "to punish past defiance of a court's judicial authority, thereby vindicating the court," LeMay, 92 Hawaiʻi at 621, 994 P.2d at 553 (citation omitted), the civil contempt sanction is intended as a coercive tool to enforce compliance with an order of the court. "[T]he significant and essential characteristic of a sanction imposed for civil contempt is that the penalty can be *avoided* by compliance with the court order." Hawaii Pub. Emp't Relations Bd., 66 Haw. at 479, 667 P.2d at 795 (citation omitted) (emphasis in original).

Here, the remedy sought was obtained. When the Circuit Court entered the Order Denying Contempt Motion on April 17, 2018, the City had complied with the terms of the Amended Judgment. We conclude that the Circuit Court did not abuse its discretion in denying the UPW's motion for contempt.

(3) UPW argues that the Circuit Court wrongfully denied mandamus relief against the City to enforce compliance with the First Amended Decision and Amended Judgment. However, whatever mandamus power the circuit courts once had was superceded by the 1972 adoption of the Hawaiʻi Rules of Civil Procedure (**HRCP**). HRCP Rule 81.1 expressly abolished the writ of mandamus in the circuit courts, except when directed to a court of inferior jurisdiction. Accordingly, we conclude that the Circuit Court did not err when it refused to issue a writ of mandumus in this case.

(4) UPW argues that the Circuit Court abused its discretion in declining to award it attorneys' fees and costs incurred in bringing its contempt motion. Citing In re Hawaiʻi State Teachers Ass'n [(**HSTA**)], 140 Hawaiʻi 381, 402, 400 P.3d 582, 603 (2017), UPW argues that public policy favors a grant of attorneys' fees as a way to "discourage all but the most meritorious challenges to arbitration awards." This court, however, has also previously pointed to judicial efficiency as a policy concern in denying attorneys' fees in an enforcement action. See In re Arbitration Between United Public Workers, Local 646, [(**UPW**)] and City & County of Honolulu, 119 Hawaiʻi 201, 212, 194 P.3d 1163, 1174 (App. 2008) (citing Rev. Unif. Arbitration Act (2000) (**RUAA**), Prefatory Note, 7 U.L.A. 3 (2005)) (goals of arbitration act include "promoting the relative speed, lower cost, and greater efficiency of the arbitration process"

and "minimizing court involvement once an arbitration award is finalized"). We held that the purposes of RUAA § 25, the model for HRS § 658A-25, were not "subverted" by disallowing attorneys' fees on an enforcement motion after an arbitration award had been confirmed. Id. Furthermore, we held that denying attorneys' fees on the denial of enforcement would harmonize the law on arbitration with the general policy of prohibiting recovery of legal fees associated with executing a judgment. Id. at 211, 194 P.3d at 1173 (citing RUAA § 25 cmt. 4, 7 U.L.A. 86). UPW argues that the more recent precedent in In re HSTA should be applied instead of the "narrower" reading of In re UPW. However, in In re HSTA, the issue was whether HRS § 658A-25 authorized attorneys' fees on appeal from an order confirming an arbitration award, whereas here, UPW sought fees on a motion to enforce an arbitration award. In addition, here, although the Circuit Court did take steps to enforce the Amended Judgment, it did not grant the remedies requested by UPW in UPW's November 24, 2017 motion. Under these circumstances, we conclude that the Circuit Court did not abuse its discretion by not awarding UPW a further attorneys' fees award in conjunction with the contempt motion.

For these reasons, the Circuit Court's April 17, 2018 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 7, 2020.

On the briefs:

/s/ Katherine G. Leonard
Presiding Judge

Herbert R. Takahashi,
Rebecca L. Covert,
(Takahashi and Covert),
for Union-Appellant.

/s/ Derrick H.M. Chan
Associate Judge

Ernest H. Nomura,
Deputy Corporation Counsel,
for Employer-Appellee.

/s/ Clyde J. Wadsworth
Associate Judge