**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000614**
**28-AUG-2024**
**08:09 AM**
**Dkt. 64 SO**

NO. CAAP-20-0000614

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SAMUEL KUAMOO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001029)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Samuel **Kuamoo** appeals from the **Free-Standing Order of Restitution** Pursuant to Sections 706-605, 706-644, and 706-647, H.R.S. entered by the Circuit Court of the First Circuit on October 15, 2020.[1]  Kuamoo challenges the Findings of Fact, Conclusions of Law, and Order of Restitution entered on September 25, 2020.  We affirm.

On July 16, 2019, Kuamoo was charged with Abuse of Family or Household Members (Hawaii Revised Statutes (**HRS**) § 709-906(1) & (8)), Terroristic Threatening in the First Degree (HRS § 707-716(1)(e)), and Resisting Arrest (HRS § 710-1026(1)(a)).  Under a plea agreement, he pleaded guilty to the lesser charge of Assault in the Third Degree (HRS § 707-712), and to the Terroristic Threatening in the First Degree and Resisting Arrest counts as charged.  He moved to defer acceptance of his

---

[1]     The Honorable Karen T. Nakasone presided.

plea.  The circuit court granted the motion for deferred acceptance.  One of the conditions of deferral was that Kuamoo "make restitution for losses suffered by the victim(s) if the court has ordered restitution pursuant to § 706-646, H.R.S."  The Hawaiʻi Department of Human Services (**DHS**) moved for restitution. The court held an evidentiary hearing, made findings of fact and conclusions of law, and entered the Free-Standing Order of Restitution.

This appeal followed.  The Free-Standing Order of Restitution is, by its terms, "enforceable in the same manner as a civil judgment[.]"  We have jurisdiction over Kuamoo's appeal under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(1) and/or 4(b)(1).  See State v. Gaylord, 78 Hawaiʻi 127, 154-55, 890 P.2d 1167, 1194-95 (1995) (noting that objectives of restitution include "quasi-civil compensation"); cf. Kukui Nuts of Haw., Inc. v. R. Baird & Co., 6 Haw. App. 431, 726 P.2d 268 (1986) (order awarding attorneys fees for discovery abuses that specified amount to be paid and was reduced to enforceable judgment was appealable under collateral order doctrine).

Kuamoo contends the circuit court erred by ordering him to pay $7,938.60 to DHS.[2]  He challenges findings of fact nos. 8, 11, 13, 14, 15, 17, and 18, and conclusions of law nos. 7 and 8.[3] We review findings of fact under the clearly erroneous standard, and conclusions of law de novo.  State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019).  A conclusion presenting mixed questions of fact and law is reviewed under the clearly

---

[2]    The total amount of restitution ordered was $8,097.51.  Kuamoo does not challenge $158.91 of that amount.  He does not challenge that DHS is the "victim" for purposes of restitution.  HRS § 706-646(1) (2014) ("'victim' includes . . . [a] governmental entity that has . . . paid for medical care provided to the victim as a result of the crime[.]").

[3]    Kuamoo also challenges the admission of State's Exhibit 3, which was offered with the State's post-hearing memorandum.  He argues it was incomplete and submitted after the close of evidence.  But he did not request a further evidentiary hearing and stated he would "defer to the Court if the [missing] portion of Exhibit '3' should be provided in full to all parties." As discussed below, even without considering Exhibit 3, there was substantial evidence to support the circuit court's findings of fact.

erroneous standard because it depends on the facts and circumstances of the particular case. Id.

The Hawaiʻi victim restitution statute provides, in relevant part:

> (2) The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims *as a result of the defendant's offense* when requested by the victim. . . .
>
> (3) . . . Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
>
> . . . .
>
> (b) *Medical expenses*, which shall include mental health treatment, counseling, and therapy[.]

HRS § 706-646 (Supp. 2019) (emphasis added). The State must prove, by a preponderance of the evidence, a causal connection between the restitution requested and the crime with which the defendant is charged. State v. DeMello, 130 Hawaiʻi 332, 343-44, 310 P.3d 1033, 1044-45 (App. 2013), vacated in part on other grounds, 136 Hawaiʻi 193, 361 P.3d 420 (2015). If the defendant contests the amounts requested by the victim, the defendant must offer evidence to support the challenge. Id.

Kuamoo admitted (as part of his guilty plea) that he "intentionally, knowingly, or recklessly caused bodily injury to" the complaining witness (**CW**) on or about June 9, 2019. The circuit court found, and Kuamoo does not challenge,[4] that CW told police Kuamoo punched her face, head, and chest, causing pain to her head, face, and mouth. CW also told police Kuamoo held a knife to her throat, cut her neck, had her in a headlock, and choked her. She wasn't sure if she lost consciousness during the assault. She received emergency medical treatment at Castle Medical Center because of the assault. Bennett **Lee**, M.D. reported that CW sustained "abrasions/superficial laceration to neck and back. Contusions to forehead. Fracture of nose and

---

[4] Unchallenged findings of fact are binding on appeal. Rodrigues, 145 Hawaiʻi at 494, 454 P.3d at 435.

3

medial orbital sinus." Dr. Lee "indicated that the fractures were possibly 'old' injuries from a prior incident[.]" The charges in dispute were shown on documentation in Kuamoo's presentence report as:

> $7,822.75 for "fracture of nasal bones, init encn"
>
> $115.85 for "fracture orbital floor rt side init"

CW testified that she was taken to the hospital by ambulance after she was assaulted. She told the "ambulance guys" her "head was hurting." Kuamoo caused her head injury when they had a fight. She said, "He hit me in my head." She was taken to Castle Hospital. She said, "My head was in so much pain. I was in -- actually -- my head wasn't functioning right." The Castle doctors took CAT scans of her head, face, and neck. She was hooked up to machines and given fluids and pain medication. This happened in the early morning hours of June 10th.

The State called Gary **Ojiri**. He was DHS's Med-QUEST Hawaiʻi Medicaid program representative. The circuit court took judicial notice of Kuamoo's presentence investigation report, which included a spreadsheet of payments made by the Quest provider for "charges that happened at the emergency room" on June 10, 2019. State's Exhibit 1 was a copy of Castle Medical Center's bill with Ojiri's handwritten notes. The notes showed billing codes for CAT scans of the head, "maxillofacial, which is the front of the face[,]" and neck, and for emergency room services.

Here, even without considering State's Exhibit 3, there was substantial evidence to support the challenged findings of fact summarized in these findings:

> 11. As to Item #4, $115.85 for a fracture diagnosis by provider Dr. Bennett Lee, the court finds by a preponderance of the evidence that Dr. Lee was the emergency department physician who filled out the HPD-13 form, which is in evidence as Exhibit "C". Dr. Lee was a critical part of the necessary medical treatment rendered to [CW] to diagnose her injuries . . . Dr. Lee's billing in Item #4 is reasonable, verified, and did arise as a result of [Kuamoo]'s assault offense, and therefore, this court awards DHS's requested restitution for Item #4.

. . . .

18.   This court finds, by a preponderance of the evidence, that all of the 21 billed items in the Castle bill [State's Exhibit 1], were a direct result of the medical diagnosis and treatment of [CW] which occurred as a result of [Kuamoo]'s assault offense.  Because the required nexus exists between [Kuamoo]'s offense and DHS's costs in Item #1 ($7,822.75), the court awards restitution for this amount.

Kuamoo argues that the charges were for treatment of CW's 15-year-old nose fracture, which wasn't caused by his assault.  But Ojiri testified there was no treatment or service rendered for a nasal bone fracture — there was just the CAT scan that resulted in the diagnosis of the old fracture.  Kuamoo did not call Dr. Lee or any emergency room staff to contradict Ojiri.  The evidence showed that the CAT scan — and all of the June 10, 2019 emergency room tests and services — were necessary because Kuamoo's assault caused CW's head to hurt and not function right (as well as her other injuries).

The challenged conclusions of law, which are actually mixed findings and conclusions, were not clearly erroneous and reflected an application of the correct rule of law.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  The circuit court's September 25, 2020 "Findings Of Fact, Conclusions of Law, and Order of Restitution" and October 15, 2020 "Free-Standing Order of Restitution Pursuant to Sections 706-605, 706-644 and 706-647, H.R.S." are affirmed.

DATED: Honolulu, Hawaiʻi, August 28, 2024.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Gary K. Senaga,
Deputy Attorney General,
State of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge